[Civ. No. 13462.   Second Dist., Div. Two.   June 2, 1942.]

ANNE MILLER, Respondent, v. WALLACE OWENS MILLER, Appellant.

A. G. Ritter for Appellant.

Mark F. Jones, Jr., and W. L. Engelhardt for Respondent.

STEPHENS (Jess E.), J. pro tem.—This is an appeal by defendant from that portion of an interlocutory decree of divorce which provides as follows: "It is further ordered and adjudged that defendant keep up the $5,000 insurance policy now in effect in favor of the minor child of the parties hereto and pay the premiums regularly, as security for support of the minor as herein ordered." A separate appeal was also taken from the action of the trial court in adding the last ten words of the above, to wit: "as security for support of the minor as herein ordered." This was done "by the court's own motion" some twenty-four days after the judgment had been signed and docketed. It is contended that the addition of these words did not constitute a correction of a clerical error nor action to make the decree speak the truth of the court's determination at the time of the making of the decree, and that therefore the court was without jurisdiction to so alter the decree.

Counsel for respondent, upon the oral argument, concedes that this latter appeal is well taken, but contends that the words so added neither aid nor detract from the decree, which he contends is valid. He points out that the trial court in a divorce action has broad powers; that the appeal is on the judgment roll alone and therefore there is nothing to show that defendant did not stipulate to the above provision, and that if he did he would not now be in a position to complain. It is neither contended nor conceded that any such stipulation was in fact made.

The jurisdiction of the court cannot be based upon stipulation of the parties, whether such stipulation be in fact or fancy. "The authority of the court, in actions for divorce, to transfer the property of either party to the other, or other-

wise to dispose of it, is purely statutory. . . ." (*Simpson* v. *Simpson*, 80 Cal. 237, 241 [22 Pac. 167].)

The authority for the court's action in ordering appellant to keep up the insurance policy, payable to the minor in the event of appellant's death, must be found, if at all, in Civil Code sections 139 and 140, which read:

"139. Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.

"Remarriage. Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage.

"140. The court may require the husband or wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."

In *Tremper* v. *Tremper*, 39 Cal. App. 62, 65 [177 Pac. 868], it is said: "But, where the statute on the subject was no broader than section 139 of the Civil Code, *supra*, the decisions are to the effect that the trial court should have made an allowance in money, and had no power to divide the properties in kind." In *McKannay* v. *McKannay*, 68 Cal. App. 701, 705 [230 Pac. 214], the court cites *Tremper* v. *Tremper, supra*, and many other cases, in support of the following statement: "The law limits the power of the court in making provision for the support of the children to an allowance in money . . . and while it may require the husband to give reasonable security for the payment of such allowance, even by declaring that the allowance shall be made a lien upon the husband's property . . . it cannot award the property to either spouse subject to trusts in favor of the children."

It is obvious that in the instant case the portion of the order complained of does not provide for maintenance of the child, who is named as beneficiary in the insurance policy, nor, of course, of the wife, who is not mentioned therein. In

no way does it provide for supplying food or clothing or housing, or any other necessity. Nothing can be derived from the order until the death of appellant, which may not occur until long after the minor has attained his majority and the obligation of appellant to support him has ceased. It seems clear that the purpose of section 140 of the Civil Code is to provide a practical method of assuring the continued compliance with the order for payments made pursuant to section 139, *supra,* in the same sense that a mortgage secures the payments provided for in a promissory note. In other words, it is incidental to section 139. The word "security," as there used, does not contemplate protection against the possibility of death by the building up of an independent insurance estate. The purpose of the law is to continue in effect after divorce the same legal obligation of support which the father owes to the children from their birth to their majority, where the marriage continues throughout that period. This obligation does not include any legal duty on the part of the father to take out an insurance policy on his life in favor of each child. It may be a desirable thing for him to do, just as any other type of saving against future eventualities is commendable, but there is no law to compel it. It can hardly be contended that the law places upon the divorced parent any greater obligation toward his children than he has in the absence of divorce. It follows that the entire portion of the decree appealed from, and providing for the keeping up of the insurance policy, is in excess of the power of the court.

It is therefore ordered that the portion of the judgment appealed from be reversed. This disposes of both appeals.

Moore, P. J., and McComb, J., concurred.