TERRELL *v.* TERRELL.

1. DIVORCE—EXTREME CRUELTY—PROVOCATION—EVIDENCE.
   In husband's suit for divorce on the ground of extreme cruelty, where proofs not only showed such conduct as would constitute extreme cruelty but also showed it had been provoked by plaintiff, dismissal of bill by trial court was proper.

2. SAME—PUBLIC POLICY.
   Divorces may not be granted on the ground of public policy where no case is made out for permanent separation.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted January 7, 1947. (Docket No. 5, Calendar No. 43,474.) Decided April 8, 1947.

Bill by Norman H. Terrell against Delphine J. Terrell for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Fred G. Stanley,* for plaintiff.

*James J. Noon,* for defendant.

DETHMERS, J. The trial court, in denying plaintiff a divorce, found defendant guilty of conduct which would have constituted extreme cruelty, as charged in plaintiff's bill of complaint, had it not been provoked by plaintiff, but found plaintiff guilty of such provocation. Plaintiff's brief takes the position that "the case on appeal to a very large extent in-

volves the sole question as to whether or not such conduct (defendant's) was provoked or justified."

Supporting the court's finding of extreme cruelty on the part of defendant are proofs showing her to have been guilty of emotional outbursts, tantrums, profanity, suicidal attempts, carping about plaintiff's absences from home at night when, as he claimed, his duties as an aviation cadet required such absences, and of charging plaintiff, in the presence of others, of infidelity. There are also proofs that plaintiff provoked such conduct, during the later stages of defendant's pregnancy, by untruthfulness, profanity, obscene language, unnecessary absences from home, associations with other women, and by telling defendant that he did not love her and that she was "too ignorant to talk to." Without further recounting the testimony in that regard, suffice it to say that a careful examination of the record convinces us of the correctness of the trial court's finding of provocation by plaintiff.

In the court's opinion appears the following:

"I realize that perhaps these people are permanently separated. Perhaps they will never become reconciled. I realize that perhaps practically it might be just as well to grant him a divorce, but the court has no right to do that. The court may not take that view of it. Divorces are not granted in Michigan on the grounds of public policy and merely to suit the convenience of one or both parties."

This provokes in plaintiff's brief the following statement.

"In view of the statement in the findings of the trial court that the appellant had established certain things and satisfied the court that the conduct on the part of the appellee amounted to extreme cruelty, we believe that had he had the correct view of the law he would have granted the appellant an

absolute divorce.   We make this statement because
he was reluctant to grant that decree because he was
of the opinion that 'divorces are not granted in
Michigan on grounds of public policy.' ''

There follows a discussion of a long line of deci-
sions of this Court, beginning with the early case
of *Burlage* v. *Burlage,* 65 Mich. 624, and ending with
the recent case of *Ratcliffe* v. *Ratcliffe,* 308 Mich.
488, in which it was a question whether divorce
should be from bed and board or absolute.   From
these cases plaintiff develops the proposition that,
when a case is made out for permanent separation,
public policy may be considered and an absolute di-
vorce granted even though only a limited divorce or
from bed and board was asked.   But these cases are
no authority for the proposition that a divorce may
be granted, as a matter of public policy, in situations
in which no case is made out for permanent separa-
tion.   Under such circumstances this Court has con-
sistently held that divorce may not be granted on the
ground of public policy.   *Cowdrey* v. *Cowdrey,* 211
Mich. 305; *Hatfield* v. *Hatfield,* 213 Mich. 368; *Van-
derLaan* v. *VanderLaan,* 228 Mich. 52.

As stated in *Roxborough* v. *Roxborough,* 269
Mich. 569, 573:

"Plaintiff ought not to have relief because of de-
fendant's misconduct if that misconduct was in-
duced by his actions."

Defendant's cruelty toward plaintiff having been
provoked by plaintiff, dismissal of his bill of com-
plaint and denial of divorce was proper.

Affirmed, with costs to defendant.

CARR, C. J., and SHARPE, REID, and NORTH, JJ.,
concurred with DETHMERS, J.   BUTZEL, BUSHNELL,
and BOYLES, JJ., concur in the result.