REX v. REX.

1. DIVORCE—BED AND BOARD—PUBLIC POLICY.
   A divorce from bed and board, or from the bonds of matrimony, should not be granted merely on the ground of public policy, such ground not having been recognized by the legislature as one of the statutory grounds for divorce.

2. SAME—ABSOLUTE DIVORCE—BED AND BOARD—AGE.
   Whether a decree should provide for an absolute divorce, or only from bed and board, depends upon the circumstances of each case, and one of the considerations is the age of the parties.

3. SAME—ABSOLUTE DIVORCE—BED AND BOARD—EVIDENCE.
   Record failed to disclose any impelling reason for requiring cross-plaintiff wife who was first married to cross-defendant about 28 years ago to accept an absolute divorce against her express wishes, when she has not asked for it although evidence preponderated in establishing that wife proved sufficient grounds for a divorce from bed and board since their remarriage because of husband's addiction to alcoholic liquors, absenting himself from home, physical assaults upon her and improper association with another woman at various hotels, hunting lodges and cottages.

---

REFERENCES FOR POINTS IN HEADNOTES
[2, 3] 17 Am Jur, Divorce and Separation § 426.
[5] 3 Am Jur, Appeal and Error §§ 245, 820.
[6] 17 Am Jur, Divorce and Separation § 446.
[7-9] 17 Am Jur, Divorce and Separation §§ 445, 594, 596 et seq.

4. SAME—PROPERTY SETTLEMENT—REPAYMENT TO WIFE—ANTENUPTIAL AGREEMENT.

Record in second suit for divorce between the parties fully sustained trial court's finding that plaintiff husband had not made repayments to wife of sum of $13,000 as required by antenuptial agreement which acknowledged like requirement in a preceding decree of divorce and which was included in second decree of divorce from which husband now is appealing.

5. SAME—APPEAL—QUESTIONS REVIEWABLE.

Whether or not provision of former decree of divorce and of antenuptial agreement requiring husband to repay wife the sum of $13,000 was properly included in second decree of divorce, the latter being from bed and board, not having been raised, is not determined on appeal.

6. SAME—BED AND BOARD—RESTORATION OF PERSONALTY TO WIFE.

A court may restore to the wife any of personal estate that has come to the husband by reason of the marriage, or award her the value thereof in a divorce from bed and board (CL 1948, § 552.19).

7. SAME—BED AND BOARD—SUPPORT OF WIFE AND MINOR CHILDREN—PAYMENT IN GROSS FROM HUSBAND'S ESTATE.

A court may require the husband in a decree of divorce from bed and board to pay from his personal and real estate sufficient to support the wife and minor children, to be paid to her in gross or otherwise, having regard to the ability of the husband, character and situation of the parties and all the other circumstances of the case (CL 1948, § 552.23).

8. SAME—BED AND BOARD—STATUTES—REPAYMENT TO WIFE.

Provision of decree of divorce from bed and board, requiring husband to repay his wife $13,000 and interest, is affirmed, under record presented which failed to indicate whether or not the trial court relied on pertinent statutes authorizing the incorporation of a provision requiring husband to repay to wife any of personal estate that came to him by reason of the marriage and authorizing an award in gross from his estate to her for support of herself and minor children and propriety of its inclusion in this second decree of divorce because it had been incorporated in a former decree but not complied with is not raised (CL 1948, §§ 552.19, 552.23).

9. SAME—SEPARATE MAINTENANCE ALLOWANCE—PROPERTY—INCOME.

Allowance of $600 per month to wife in decree for separate maintenance was proper, where husband had personalty of a net value of $200,000, an annual income of $25,000, had agreed to

pay her $300 a month for household expenses in a 1935 antenuptial agreement and to increase it as his income might warrant.

10. Same—Jurisdiction—Payments to Children.

The jurisdiction of a court in a suit for divorce is circumscribed by statute and does not include authority to decree payment direct to children either upon reaching majority or before doing so, or create a lien for such payment, even when such provisions are included by consent (CL 1948, § 552.1 *et seq.*).

11. Same—Alimony—Liens.

A court has power to grant alimony to the wife for the support of herself and children, and it must be awarded to the wife though for the benefit of the children, and to give a lien against the husband's property to secure payment.

12. Same—Trusts for Children—Equity Jurisdiction—Antenuptial Agreement.

Trust provisions for benefit of children of the parties in decree of divorce are null and void either as an exercise of equity jurisdiction in such suits or as based on an antenuptial agreement, where such agreement does not require the husband to place the *res* beyond his control in a trust fund.

13. Same—Wife's Attorney's Fee.

Allowance of $2,500 for wife's attorney's fee was not excessive in view of such attorney's difficulty with the husband in getting at the facts as to latter's net worth, property ownership and annual income; the amount involved, services performed and results accomplished.

14. Same—Costs.

No costs are allowed in Supreme Court on husband's appeal in suit for divorce, where each party has prevailed only in part.

Appeal from Wayne; Miller (Guy A.), J. Submitted June 13, 1951. (Docket No. 32, Calendar No. 45,153.) Decided October 1, 1951.

Bill by John Paul Rex, Sr., against Hazel Marie Rex for divorce. Cross bill by defendant against plaintiff for divorce from bed and board. Decree for defendant. Plaintiff appeals. Modified and remanded for enforcement.

*Frank J. Ortman* (*David H. Crowley*, of counsel), for plaintiff.

*Wm. Henry Caswell*, for defendant.

BOYLES, J.   John Paul Rex filed the bill of complaint in this case for an absolute divorce.   The defendant, Hazel, filed an answer and cross bill for separate maintenance, "under PA *1899,**  No 243, as amended," praying that the plaintiff-cross-defendant be required to pay sufficient sums for the support of herself and minor children, "pursuant to the provisions of PA *1899,**  No 243, as amended by CL 1929, § 12794 (Stat Ann § 25.211)."   Later, the defendant-cross-plaintiff filed, without objection, an amended cross bill praying for a decree from bed and board, "pursuant to CL 1929, § 12729."†

These parties were first married in 1923, from which marriage 3 children were born, the youngest of whom is now about 19 years of age.   They were divorced in 1933, and remarried in 1935.   The second marriage was likewise unsuccessful and resulted in a separation in 1937, since which time they have not lived together.   The instant case was started in 1947.   The trial court, after a hearing, denied plaintiff any relief and entered a decree granting the defendant-cross-plaintiff's prayer for a limited divorce from bed and board.   The decree gives her an allowance of $600 per month as separate maintenance, and makes certain other provisions, including requiring the plaintiff-cross-defendant to comply with a certain term in an antenuptial agreement.   Plaintiff appeals.   The defendant does not cross-appeal.

Appellant contends that he should have been granted an absolute divorce, but, if not, that it was the duty of the trial court, under the proofs in the case, to grant the cross-plaintiff a divorce from the bonds of matrimony, instead of a divorce from bed and board.   It is a fair inference that the purpose of

---

* Obviously an error.   Reference was intended to PA *1889*, No 243 (CL 1929, § 12794 [CL 1948, § 552.301, Stat Ann § 25.211]).
† CL 1948, § 552.7 (Stat Ann § 25.87).

plaintiff's present appeal is mainly to obtain from this Court the dissolution of the marriage, on the ground that this Court, hearing the case *de novo,* has the power to and should enter a decree for an absolute divorce. *Cole* v. *Cole,* 193 Mich 655; *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; *Jaquish* v. *Jaquish,* 314 Mich 386; *Shields* v. *Shields,* 319 Mich 316.

Appellant, in urging that this Court should grant either him or the cross-plaintiff a divorce from the bonds of matrimony, relies on decisions of this Court, based upon "public policy." In *Burlage* v. *Burlage,* 65 Mich 624, the Court granted an absolute divorce to the wife under a limited divorce bill of complaint. It found that the defendant husband had been guilty of such aggravated and revolting acts of personal violence and extreme and repeated cruelty that the Court should grant the wife an absolute divorce (p 627) "on grounds of public policy, to prevent the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried. If they have scruples about remarriage, there is nothing to prevent their continuing single as long as they choose. But when the conduct of the party complained of has broken up the marriage relation, and made it impossible to continue it, the law authorizes the courts to annul it.

"We think this is such a case, and that defendant ought not to continue in the relation of complainant's husband."

In that case, the wife was about 21 years of age and the husband 6 or 7 years older. In the case at bar, the parties are both past middle life and their 3 children are about 19 to 25 years of age.

Appellant also relies on *Conkey* v. *Conkey,* 237 Mich 326, where the Court said that while a divorce

may not be granted on the ground of public policy,* it should be considered in determining whether a divorce should be from bed and board, or absolute. In that case, the plaintiff wife was 29, the defendant 31, and they were hopelessly estranged. Justice NELSON SHARPE filed a vigorous dissenting opinion, which has later been followed under comparable circumstances.

Appellant also relies on *Ratcliffe* v. *Ratcliffe, supra*, but in that case both parties were 19 years of age at the time of marriage, suit for divorce was filed 2 years later, the trial court granted a decree of absolute divorce, and this Court said:

"Because of the peculiar circumstances disclosed by this record, we have no inclination to disagree with the conclusion reached by the trial judge, who had the advantage of hearing and observing the parties and their witnesses. We are in accord with his statement that:

" 'There is no prospect of reconciliation. To grant the amendment would add tragedy to tragedy, condemn the parties to enforced celibacy, turn them out neither married nor unmarried, prevent either from again marrying, and wreck and ruin their lives.' "

In *Coon* v. *Coon*, 163 Mich 644, relied upon by appellant, the husband filed a bill of complaint for divorce, the wife filed a cross bill for separate maintenance which she later sought leave to withdraw. Such leave was denied by the trial court, and she was granted an absolute divorce against her express desires. This Court, deciding that she should have been permitted to withdraw her cross bill, and in dismissing the plaintiff's bill of complaint, said:

"In the instant case we do not perceive how the interests of the State or the legal rights of the com-

---

* See, also, to the same effect, *Cowdrey* v. *Cowdrey*, 211 Mich 305; *Hatfield* v. *Hatfield*, 213 Mich 368; *Vander Laan* v. *Vander Laan*, 228 Mich 52; *Terrell* v. *Terrell*, 317 Mich 49.

plainant would be prejudiced by the granting of defendant's motion. Certainly it is not for the interest of the State that the guilty husband, who has violated his marriage covenant, should obtain by indirection a divorce from his innocent wife, who is willing to condone his offense and renew marital relations."

In *Dreijer* v. *Dreijer,* 200 Mich 619, the parties had been married 25 years, ages 44 and 47 years respectively, and this Court affirmed the trial court in granting the wife a decree of divorce from bed and board only, and in denying the defendant's motion to amend by granting an absolute divorce. This Court held:

"The discretion of the Court in these, as in other, cases, will be moved as the facts seem to demand. * * * (and quoting from syllabus), neither the best interests of the parties nor any consideration of public policy requiring the exercise by the Court of its discretion to grant an absolute decree, and, the amount of alimony being reasonable, the order of the court below denying the motion will be affirmed."

In *Kelly* v. *Kelly,* 252 Mich 92, the husband, age 46, filed a bill of complaint for absolute divorce from his wife, age 50. They had been married 24 years. She filed a cross bill for divorce from bed and board, under CL 1915, § 11398 (CL 1948, § 552.7 [Stat Ann § 25.87]), and was granted a decree accordingly, with an allowance for support. Subsequently, the plaintiff filed a petition to amend by granting an absolute divorce, which the trial court denied, notwithstanding a stipulation filed by the parties. On the plaintiff's appeal from such order, this Court (Butzel, J.) said:

"The more serious question, however, is whether the Court should amend the decree at the present time.

"In determining public policy, the Court should consider the best interests of all of the parties in-

volved, and particularly those of the wife and children. * * *

"In determining public policy, the Court should not force a divorce upon an innocent party at the request of the guilty one except when very unusual circumstances demand it and then only after proper provision has been made for the support of the wife and children. * * * We find that the conclusion of the court below was correct."

We conclude that a divorce from bed and board, or from the bonds of matrimony, should not be granted merely on the grounds of public policy, nor has the legislature given recognition to public policy as one of the statutory grounds for divorce. Whether a decree should provide for an absolute divorce, or only from bed and board, depends upon the circumstances of each case, and one of the considerations seems to be the age of the parties. We find in the record before us no impelling reason why the cross-plaintiff should be compelled to accept an absolute divorce from the bonds of matrimony against her express wishes, when she has not asked for it, and thus free the plaintiff from the bonds of matrimony, which result he alone desires. We would thereby be granting him the relief from the bonds of matrimony which he sought in filing his bill of complaint, and the relief to which the trial court properly found he was not entitled. Ignoring entirely any testimony of grounds for divorce happening prior to the remarriage in 1935, the admission of which appellant complains about, the record is replete with evidence of grounds on which cross-plaintiff might rely for divorce, happening between 1935 and the filing of her cross bill in 1947. Proofs show that during that time plaintiff-appellant was habitually drunk, absented himself from home, physically assaulted the defendant, was guilty of improper association with another woman over a long period of

time at various hotels, hunting lodges and cottages, and that he was in several sanitariums and hospitals to be cured of alcoholism.   There would be no benefit in a recital of the testimony as to happenings during the second marriage, between 1935 and 1947, on which the court quite properly based the decree granting the cross-plaintiff a divorce from bed and board.   While we do not agree with the decree in stating that "the testimony contains *nothing* in support of plaintiff's bill of complaint," we are in accord with the trial court's conclusion that the testimony definitely preponderates in favor of the cross-plaintiff in establishing that the cross-plaintiff proved sufficient grounds for a divorce from bed and board. The trial court was amply justified in denying appellant an absolute divorce and in granting a limited decree to cross-plaintiff instead of dissolving the marriage.   We decline to do so.

Another contention of appellant for reversal involves property matters.   Prior to their marriage, the parties entered into an antenuptial agreement which has been set up by appellant as a part of his bill of complaint, together with the 1933 decree of divorce dissolving their first marriage, to which said agreement refers.   Appellant claims that the trial court did not follow the intent of the agreement. Most of the testimony in this lengthy record partakes of the nature of an accounting between the parties.   We have given it consideration.   The 1933 decree of divorce ordered John P. Rex to *repay* to his wife $13,000, in semiannual instalments, with interest at 6% per annum.   In the antenuptial agreement in 1935 he acknowledges his obligations under said decree and agrees to perform them in regard to the payments required.   He now claims that he has done so.   However, it is plain from the record that the payments he has been making are those required under other provisions of the agreement,

and the trial court so found. The instant decree now properly requires him to pay up, and in that respect is fully supported by the record. We are not here called upon to consider or determine whether such a provision may properly be included in a decree of divorce from bed and board. The question whether the provisions of the earlier decree or of the antenuptial agreement cannot properly be included or enforced in the present case under a decree from bed and board has not been raised. But, it is pertinent here to note that the 1933 decree requires appellant to "repay" the $13,000 to cross-plaintiff. Under CL 1948, § 552.19 (Stat Ann § 25.99), the court may "restore" to the wife any of the personal estate that has come to the husband by reason of the marriage, or award her the value thereof. Furthermore, if the "estate and effects" awarded her are not sufficient for support of herself and minor children, the court may decree to her such part of the personal estate of the husband and such alimony out of his estate, real and personal, to be paid to her in gross or otherwise, having regard to the ability of the husband, character and situation of the parties and all the other circumstances of the case. CL 1948, § 552.23 (Stat Ann 1949 Cum Supp § 25.103). The record before us does not indicate whether the trial court, in ordering appellant to pay cross-plaintiff $13,000 and interest, relied on the above-cited provisions of the statute. On the record before us, the decree for such repayment will be affirmed.

Appellant contends that the allowance of $600 per month to cross-plaintiff for separate maintenance is too large. There is no merit in the claim. The record supports the conclusion that $600 per month is a proper allowance to the cross-plaintiff for her separate maintenance. The plaintiff owns approximately $200,000, net value, of personal property. In 1935, in the antenuptial agreement, plaintiff agreed to

pay her $300 a month for her household expenses, upon consummation of their contemplated remarriage, and agreed to increase it as his income might warrant. At that time his income was about $8,000 a year, and his annual income is now about $25,000. An increase from $300 per month in 1935 to $600 per month at the present time is not out of line with the increased costs of living, and quite proper in view of the plaintiff's income and ability to pay, and the proofs as to the living requirements of the cross-plaintiff.

The decree requires plaintiff to place the capital stock of the 2 corporations which he owns, and from which he derives his income, with a trust company to hold in trust for his 3 sons, 2 of whom are now more than 21 years of age, and the third is now near his majority. The decree is to operate as such a trust instrument if appellant fails to execute the same. The decree also orders appellant to deliver to the trust company 2 life insurance policies amounting to $25,000, to be held in trust for cross-plaintiff and the 3 sons. All of said provisions in the decree requiring the setting up of trusts for appellant's property are illegal and void and must be deleted. The jurisdiction of the court in divorce cases is circumscribed by statute and there is no such authority vested in the court in granting a divorce as has been thus attempted.

Jurisdiction in divorce proceedings is strictly statutory. The court cannot decree payment direct to children upon their reaching majority, or even during minority, or create a lien for such payment. We have held that provisions in a divorce decree, even by consent, providing payment of a sum to the wife's mother and sums to the children at majority, are void.

"Our statutes give the court power to grant alimony to the wife for the support of herself and minor children, and to give a lien against the property of the husband to secure the payment of the same; but they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof. In fact, our courts of chancery in divorce cases have no power to decree that any sum be paid direct to the children, even during their minority. *Swiney* v. *Swiney,* 107 Mich 459." *Maslen* v. *Anderson,* 163 Mich 477.

"It (alimony) must be awarded to her, though for their benefit. No sum can be decreed to be paid to the children, even during their minority. *Swiney* v. *Swiney,* 107 Mich 459; *Maslen* v. *Anderson,* 163 Mich 477." *Judson* v. *Judson,* 171 Mich 185.

Counsel for cross-plaintiff relies on cases wherein this Court has recognized and upheld antenuptial agreements in the entering of decrees in divorce cases. They do not apply to the setting up, in the instant decree, of a trust for the benefit of the children (either adult or minor) for the simple reason that there is no such provision for such a trust, in the antenuptial agreement. Cross-plaintiff cannot go behind the instant decree and rely on the antenuptial agreement for support of the trust, there being no such support in the agreement itself. Conceding that the antenuptial agreement be considered as a property settlement, it does not even remotely provide that the stock in the corporations owned by the plaintiff be placed in a trust fund beyond his control, to be "distributed to the beneficiaries" whenever plaintiff is not competent "to continue to manage said corporations," and enjoining him from encumbering, or doing anything to cause said stock to be issued, sold, transferred or assigned. The trust provisions in the decree appealed from are a nullity.

Finally, appellant claims that the allowance by the trial court of $2,500 fees to the attorney for cross-plaintiff is excessive. The attorney was involved in this case, for cross-plaintiff, from December 16, 1948, to April 14, 1950, made over 100 contacts with the case by appearances in court, preparation of papers, conferences, letters, pretrial hearings, petitions for discovery of assets, attempts to compel plaintiff to disclose true assets, and actual trial of the case—probably actually spending a minimum of 25 or 30 days on this case. Much of this work was caused by appellant's reluctance to disclose the facts regarding his net worth, property ownership, and annual income, requiring petitions and hearings to compel disclosure. The amount involved, the services performed by counsel for cross-plaintiff, and the results accomplished, indicate that the allowance of $2,500 attorney fees for his services was not excessive. See *Crary v. Goldsmith,* 322 Mich 418; *Fletcher* v. *Board of Education of School District Fractional No. 5,* 323 Mich 343, and cases cited therein.

A decree may be entered in this Court in consonance with this opinion and remanding the same for enforcement thereof, without costs in this Court, each party having prevailed only in part.

REID, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.