131 So.2d 491 (1961)
Russell Robert RILEY, Appellant,
v.
Jo Boyd RILEY, Appellee.
No. C-139.
District Court of Appeal of Florida. First District.
June 27, 1961.
Petition for Rehearing Stricken August 31, 1961.
Merritt, Jackson, Anderson & Henderson, Pensacola, for appellant.
Fisher & Hepner, Pensacola, for appellee.
WIGGINTON, Chief Judge.
Defendant husband has appealed from a final decree awarding to his plaintiff wife a divorce, custody of their two minor children ages five and eight years, and requiring that he pay as alimony the monthly sum of $133.33, and an equal amount for the support and maintenance of each of the children. In addition the decree makes a division of real and personal property owned by the parties, provides that the husband shall keep in effect any and all insurance on himself previously procured for the benefit of the wife and minor children, and requires the husband to designate the two children as beneficiaries in all of the insurance policies mentioned therein.
On appeal the husband urges, without citing any authority to support his position, that the chancellor was without power to require him to maintain in effect insurance policies on his life in which his children are named as beneficiaries. He contends that such provision is contrary to public policy and constitutes an abuse of judicial power, for which reasons the decree should be reversed.
At the outset it should be emphasized that the purpose of that provision of the decree here assaulted is not to require the husband to build and maintain an insurance estate for the benefit of his children payable to them upon his death, regardless of their circumstances or the age which they might have attained at the time this contingency occurs. It seems to be the general rule that a court has no power to require a divorced father to build an estate payable to his children upon his death. Thus it has been held erroneous as an abuse of judicial power to require a divorced father to provide for an insurance estate payable to his *492 child or children after majority;[1] to place capital stock of private corporations in trust payable to his children after they reach their majority;[2] or to make an irrevocable will in favor of his children which would devolve to them after his death.[3] Since the foregoing principle of law is not involved in the case we now consider, we pretermit any opinion with regard to the soundness of the conclusions reached thereon by courts of other jurisdictions.
It seems patently clear that the sole purpose of the provision under attack is to provide security for payment of the support and maintenance of appellant's minor children as required by the decree. The question with which we are confronted is whether a chancellor has the lawful power to require a divorced father to furnish security for payment of support and maintenance of his minor children.
In considering this question, we are first confronted with the established rule of law prevailing in Florida that a father's obligation under a divorce decree to furnish support and maintenance for his minor children terminates upon the father's death.[4] The harshness of this rule, and the inequities which flow therefrom are pointed out in the able dissenting opinion by Justice Thomas in the Flagler case. The highest civil and moral responsibility of a father is to provide support and maintenance for his minor children. The intervention of death does not terminate the children's need for sustenance which continues during the helpless stage of their minority. Although the law will permit a general creditor to enforce payment of a continuing obligation against the estate of a deceased father, it does not afford the same protection to a helpless child. In the event of the father's death, the rule of law presently in effect in this state places the burden of supporting and maintaining the minor children of a deceased father on someone not obligated to bear it, or on the public, in the event the father leaves no estate or disinherits his children by will. Although this rule may well comport with the law of the jungle, its proper place in a modern civilized society is subject to question. Irrespective of our personal views regarding its soundness, this principle is nevertheless the law of Florida and must be respected until changed by proper authority.
Our existing statute dealing with the power of a court respecting the care and custody of minor children provides that in any suit for divorce the court shall have the power to make such orders touching the maintenance of children of the marriage, and what, if any, security to be given for the same, as from the circumstances and the nature of the case may be fit, equitable and just.[5]
It is the authority conferred by this statute that courts of chancery derive their power to require of divorced fathers security for the payment of support and maintenance granted minor children. It is because of the personal tragedies that often result from the above mentioned rule pronounced by the Supreme Court in the Guinta and Flagler decisions that chancellors have frequently utilized the authority granted in the cited statute by requiring divorced fathers, under proper circumstances, to furnish such security as is necessary to assure continued payment of support and maintenance for children duing their minority.
The power of a chancellor to exercise such authority under proper circumstances *493 has been uniformly approved. In Lindley[6] an appeal was taken from a final decree granting the wife a divorce and custody of two minor children. Among other things, the decree required the husband to convey to his wife his one-half interest in an eight-unit apartment building which had been purchased by the parties at a cost of $80,000. This provision was made as a partial lump sum settlement of the wife's claim for alimony, as the decree further provided that her interest in the property was burdened with the specific requirement that she apply one-half of the net income derived therefrom toward the support and maintenance of the minor children. In the event the property was sold, the decree required the wife to invest one-half of the net proceeds from the sale, which investment should be used to provide support and maintenance for the children during their minority or until marriage at an earlier date. In addition to this provision, the decree also required the husband to maintain unencumbered a policy of insurance on his life payable to the two children until the youngest becomes twenty-one years old. Both provisions of the decree were assigned as error. On appeal that part of the decree transferring the husband's interest in the apartment building to his wife was affirmed. With regard to the insurance requirement, the Supreme Court held that in consideration of the impact which the other approved provisions of the final decree would have upon the financial status of the husband, and the remoteness of tangible benefits accruing to the children as a result thereof, under the circumstances prevailing in the case it would be inequitable to impose this additional requirement upon the husband. This decision clearly recognizes the power of a chancellor to require a divorced father to maintain in effect insurance on his life payable to his children as security for their support and maintenance. It was only because of the fact that security for the children's support and maintenance was otherwise provided for in the decree, and the additional security requirement relative to the maintenance of life insurance would have a serious impact on the father's financial condition, that the insurance requirement was held to be inequitable and an abuse of discretion. The insurance provision of the decree was accordingly reversed.
This question again arose in the Bell case decided by the Third District Court of Appeal.[7] The facts in Bell bear a striking resemblance to the facts in the case we now review. There the wife was awarded a final decree of divorce, the custody of and support for their two minor children. In settling the interest of the parties in property accumulated by them during marriage it was decreed, among other things, that real estate located in New York, title to which was vested in the husband and wife as an estate by the entirety, should be immediately sold and the proceeds equally divided between the parties. The decree further required the husband to continue in full force and effect certain insurance policies on his life, the beneficiaries therein to remain as stated in the insurance company's records on a date preceding the institution of the divorce suit. On appeal the husband contended that the chancellor erred both in ordering that the property in New York be immediately sold, as well as in making such a generous allowance to the wife as alimony in view of the requirement that he maintain in effect insurance policies on his life of which the wife was beneficiary. In considering these two assignments of error the District Court, in an able opinion by Judge Pearson, held that the chancellor was without authority to order the New York property sold, so the provision of the decree relating to this item was held to be erroneous. With regard to the husband's contention that the court erred in fixing the amount of alimony awarded his wife in view of the requirements respecting insurance as *494 stated above, the District Court, without further elaboration, merely held that the record reveals the matters complained of were patiently tried by the chancellor and that there is sufficient evidence in the testimony to support the chancellor's findings. The remaining portions of the decree, including the provision relating to insurance, were affirmed. This case approves the power of the chancellor, under proper circumstances, to require a divorced father to maintain in effect insurance on his life as security for the payment of support and maintenance decreed to be paid his wife and children.
On the basis of the foregoing authorities we conclude and so hold that a chancellor, under proper circumstances which render it equitable and just, may require a divorced father to maintain insurance on his life as security for the payment of maintenance and support awarded his minor children.
We next turn to the question of whether under the facts in the case the insurance requirement contained in the decree appealed constitutes an abuse of discretion, and should be reversed. The evidence reflects that appellant father is a colonel in the United States Marine Corps. Such occupation is admittedly hazardous and materially impairs appellant's life expectancy. He presently earns $1449.68 a month, of which only $400 is required for alimony, support and maintenance for his wife and children. The children are five and eight years old respectively and their need for future sustenance will continue for many years. There is nothing in the record to indicate that the amount of insurance premiums the appellant will be required to pay in order to maintain in effect the life insurance policies mentioned in the decree will have a detrimental impact upon his financial condition, or work upon him an undue hardship. As the children approach or reach their majority, or otherwise become self-sufficient, the chancellor may upon proper showing modify the questioned provision of the decree so as to reduce the amount of insurance appellant will be required to continue in effect as security for the support and maintenance of the children. If and when the time arrives when appellant is no longer obligated to support his children, the decree may be modified so as to completely eliminate the insurance requirement provision. We therefore conclude that appellant has failed to clearly demonstrate that the portion of the decree complained of is inequitable and constitutes an abuse of discretion.
We have carefully considered the remaining assignments of error but find them to be without substantial merit. The decree appealed is accordingly affirmed.
Affirmed.
CARROLL, DONALD K., J., concurs.
STURGIS, J., concurs in part and dissents in part.
STURGIS, Judge (concurring in part, dissenting in part).
I concur with the majority in holding that the first four "questions involved", as stated by appellant's brief, are without merit, but must respectfully dissent to the disposition made of the fifth and remaining question. That question challenges the power of the circuit court to require the appellant husband to carry insurance upon his life for the benefit of his children as provided by the following paragraph of the final decree:
"The Defendant shall keep into (sic) effect any and all insurance on himself previously made for the benefit of the defendant and the minor children and the said minor children shall be and it is hereby ordered, that the Defendant make the two minor children beneficiaries of all said insurance policies."
The decree also granted a divorce to the wife and custody of the minor children, reserving to the husband certain rights of *495 visitation; requiring him to pay to the wife $133.33 per month alimony and $133.33 per month for the support and maintenance of each of their two children (total $399.99); vested in the wife title to an automobile, the family silver, the household furniture, a $2,000 promissory note, certain corporate stock and United States Savings Bonds, and some poodle dogs. It also vested her with title to certain moneys that had accumulated from payments made on account of a mortgage held by the parties on property in La Jolla, California, together with the subsequent proceeds of the mortgage so long as she remains unmarried, with the proviso that upon her remarriage the proceeds thereafter derived therefrom shall be divided equally between them. The decree also provides that "the home of the parties located in Santa Anna, California, shall remain jointly owned by the parties with the privileges (sic) of the plaintiff to use the home as a home for herself and the children so long as she shall remain unmarried," with the proviso that if such use be not exercised within a reasonable time, the property shall be subject to partition or other disposition under the laws of the State of California.
As I understand the majority, rejection of appellant's challenge to the above quoted paragraph relating to insurance is predicated upon the following propositions and question stated in the controlling opinion:
"* * * that the purpose of that provision of the decree here assaulted is not to require the husband to build and maintain an insurance estate for the benefit of his children payable to them upon his death, regardless of their circumstances or the age which they might have attained at the time this contingency occurs. * * *
"It seems patently clear that the sole purpose of the provision under attack is to provide security for payment of the support and maintenance of appellant's minor children as required by the decree. The question with which we are confronted is whether a chancellor has the lawful power to require a divorced father to furnish security for payment of support and maintenance of his minor children." (Emphasis supplied.)
With utmost deference I suggest that the record before this court does not remotely support either of these conclusions or present the stated question of law.
Casual examination of the quoted paragraph of the decree compels the conclusion that it cannot be logically or grammatically construed as being intended to provide "security" (a word appearing for the first time on this appeal in the opinion of the majority) in the sense that it is employed in Section 65.14, Florida Statutes, F.S.A., which reads:
"Custody of children, etc., power of court in making orders. In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require."
It is equally clear that the plain language of the decree places no limitation of time upon (a) the duty of the husband to maintain the insurance in force or (b) the period during which his children may, upon maturity of the policies, enjoy the present unconditional right to receive the proceeds. The observation of the majority that "As the children approach or reach their majority, or otherwise become self-sufficient, the chancellor may upon proper showing modify the questioned provision of the decree so as to reduce the amount of insurance appellant will be required to continue in effect as security for the support *496 and maintenance of the children", may not be a very practical expedient for one whose occupation, as the majority says, "is admittedly hazardous and materially impairs appellant's life expectancy."
As I construe the subject provision of the decree, the predicate for the conclusion reached by the majority is patently erroneous and the true question for determination is: Does the trial court have power to require appellant to maintain insurance on his life in order to provide an insurance estate for his children? The majority, by way of dicta, from the aspect of their disposition, agree with appellant's contention on that question, as I do, that no such power exists. Proper disposition of this phase of the appeal seems to depend, therefore, no more nor less, upon the interpretation that should be given to the relatively simple language of the decree.
At this juncture I am obliged to say that the record on appeal may be searched in vain to find the first indication that F.S. § 65.14, F.S.A., supra, was ever referred to or had any part to play in the trial court's disposition of the issues before it; moreover, that the briefs of the parties on appeal do not either refer to that statute or contain any argument that permits the inference that the appellee relied on the statute in support of the contested provision of the decree. The fact is that the statute is for the first time seized upon and referred to in the opinion to which this dissent is addressed. It is difficult to conceive the existence of this hiatus if the quoted predicates upon which the majority rests its conclusions were well founded.
Lindley v. Lindley, Fla. 1955, 84 So.2d 17, and Bell v. Bell, Fla.App. 1959, 112 So.2d 63, 65, are cited by the majority in support of their conclusion that the questioned provision of the decree on appeal provides "security" within the meaning of F.S. § 65.14, F.S.A., supra. My examination of the reported cases indicates without question that the statute is not cited or discussed in either, and that neither purports to directly or indirectly pass on the appellant's  and the writer's  conception of the critical question involved on this appeal.
In the Bell case, supra, the final decree of divorce in favor of the wife, as amended on rehearing in the trial court, granted to her the custody of the children of the parties, awarded alimony to her and support money for the children, and in addition thereto required the husband to maintain in force certain insurance policies on his person as held by him on a specified date, with the proviso that the beneficiaries should remain as stated by the records of the insurer on that date. The reported case does not identify those beneficiaries. The amended final decree substantially reduced the prior award of alimony, increased the allowance of attorney's fees for the wife, and changed the provisions of the original decree with respect to the rights of the parties in certain real property. The defendant husband sought reversal on the ground, inter alia, "* * * that the chancellor abused his discretion in granting the wife custody of the two minor children of the parties, permanent alimony, court costs, one half of the proceeds from the forced sale of the parties' New York home, permanent mortgage payments on the home, insurance benefits, and counsel fees, * *." The plaintiff wife cross-assigned error on the ground that the ultimate award of a fee for the services of her attorney was inadequate and that there was no change in the circumstances of the husband between the date of the original final decree and the date of the order modifying it warranting the reduction in alimony. The Third District Court of Appeal affirmed the amended final decree in all respects except as to the provision relating to the property rights of the parties, which facet has no bearing upon the issue in the instant appeal. While it is true that in Bell the subject of insurance is adverted to in the above quoted ground upon which the husband sought reversal, it seems that the object expressed by that ground was to seek reversal because of an alleged insufficiency *497 of the evidence to support any of the relief sought by and granted to the wife, rather than to present a clear and direct assault upon the power of the trial court to deal with the subject of insurance in the manner indicated. The opinion in Bell does not in any manner discuss the problem with which this court is confronted. Indicative of my appraisal of what the appellate court deemed to be the over-all purpose of the husband's above quoted ground for reversal is the following disposition made of it:
"Upon all of the remaining provisions of the amended final decree [the exception referred to being the provision relating to property rights], upon which the husband has assigned error, the record reveals that the matters complained of were patiently tried by the chancellor. There is sufficient evidence, in the conflicting testimony he heard, to support each finding made."
I cannot therefore accept the decision in Bell or in Lindley as competent precedent for the rule laid down by the majority, especially in view of its conflict with what I find to be the unqualified rule in jurisdictions which have directly passed on the subject. Precedents, like the ambition which Brutus attributed to Caesar, "should be made of sterner stuff."
I am not insensate to the tender philosophy expressed by the majority anent the need to enforce the legal duty imposed on the father to support his children, nor am I happy with the practical fact that this burden is too often cast upon other members of society. It must not be forgotten, however, that total security, though devoutly to be sought for, is not humanly attainable. The child comes into the world with a cry of dissatisfaction and the spirit leaves the body against its will. In the very order of things there is a proper point at which the duty of the parent to support his offspring terminates and, as I would hold, the converse should obtain. Experience teaches that the latter of these two principles is observed more in the breach than in the performance. It is reasonable to suspect that the rule which deprives courts of the power to require a father to build an estate for his children is evolved, to some extent at least, from considerations as to the equity of permitting him to build some degree of competence  "security", if we will  for himself. But these considerations do little service to our immediate problem.
The father may, of course, waive the right to complain of a requirement of the character involved on this appeal. See Hayn v. Hayn, 162 Kan. 189, 175 P.2d 127. But waiver is not involved on this appeal. In Mahaffey v. First National Bank, 231 Miss. 798, 97 So.2d 756, a final decree of divorce ordered the husband to transfer his life insurance contracts to his children as beneficiaries. He subsequently applied for modification of the decree, praying that all items for the support of his former wife be eliminated and that all items for the support of his children remain. Following his death and failure in the meantime to take the steps necessary to have his children designated as beneficiaries, the question arose as to whether the insurance proceeds accrued to his estate rather than to his children. The Mississippi court recognized the general rule that courts are without power to divest one of title to his property and vest it in another by judicial fiat, but held that the mentioned decree of divorce was to all intents and purposes a consent decree and that its provisions were binding upon the decedent's heirs and legatees, thus applying the maxim that equity regards that as done which ought to be done. This is a far cry from the case on review in which the appellant is required against his consent, tacit or implied, to create an insurance estate for his children.
Where consent or waiver does not exist, the courts have no such power. Thus in Rex v. Rex, 1951, 331 Mich. 399, 49 N.W.2d 348, it is held that the provisions of a decree of divorce requiring the husband to place corporate stock with a trust company *498 to be held in trust for his sons, and requiring him to turn over insurance policies to the trust for the benefit of his wife and sons, were illegal and void as in excess of authority conferred upon the court. That case holds, indeed, that such provisions even by consent are void. In Kunc v. Kunc, 186 Okla. 297, 97 P.2d 771, it is held that the courts do not have power to require the father to build up or provide an estate for his children and that a decree so providing may be modified at any time upon proper application.
In Miller v. Miller, 52 Cal. App.2d 443, 126 P.2d 357, 358, which appears directly in point with my view of the problem under discussion, the trial court entered a decree requiring the husband, as security for support of the minor as otherwise ordered by the decree, to keep in force a $5,000 policy of insurance on his life, with the minor child of the parties as beneficiary. The power of the trial court to incorporate provisions to secure payment of the support money ordered to be paid by the father depended entirely upon statutory authority found, if at all, in Sections 139 and 140 of the Civil Code of that state, viz.:
"139. Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.
"Remarriage. Upon the remarriage of the wife, the husband shall no longer be obligated to provide for her support but such remarriage shall not affect his duty to provide for the maintenance of the children of his marriage.
"140. The court may require the husband and wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."
The purpose of the California statute is identical with Section 65.14 Florida Statutes, F.S.A., supra. In reversing the chancellor the California court defined the term "security" as used in the California statute and stated the purpose of the law, saying;
"It is obvious that in the instant case the portion of the order complained of does not provide for maintenance of the child, who is named as beneficiary in the insurance policy, nor, of course, of the wife, who is not mentioned therein. In no way does it provide for supplying food or clothing or housing, or any other necessity. Nothing can be derived from the order until the death of appellant, which may not occur until long after the minor has attained his majority and the obligation of appellant to support him has ceased. It seems clear that the purpose of section 140 of the Civil Code is to provide a practical method of assuring the continued compliance with the order for payments made pursuant to section 139, supra, in the same sense that a mortgage secures the payments provided for in a promissory note. In other words, it is incidental to section 139. The word `security,' as there used, does not contemplate protection against the possibility of death by the building up of an independent insurance estate. The purpose of the law is to continue in effect after divorce the same legal obligation of support which the father owes to the children from their birth to their majority, where the marriage continues throughout that period. This obligation does not include any legal duty on the part of the father to take out an insurance policy on his life in favor of each child. It may be a desirable *499 thing for him to do, just as any other type of saving against future eventualities is commendable, but there is no law to compel it. It can hardly be contended that the law places upon the divorced parent any greater obligation toward his children than he has in the absence of divorce."
I agree with the principles thus stated.
The policy of the courts in fixing the amount which the father will be required to contribute to the wife for the support of minor children placed in her custody is to arrive at a figure which according to the father's resources represents the expenditure, generally on a monthly basis, that will provide for the children such creature comforts and necessities as it may be presumed they would have enjoyed under normal circumstances had their parents not become separated. Otherwise stated, it should be fixed in each instance at such periodical amounts as, according to the ability of the father to pay, is required to furnish the children with comparable surroundings and care as it is reasonable to assume they would have enjoyed from the largesse of a loving, provident and competent father of like means in an unbroken family group. It can hardly be argued that children are entitled to more than that, as might readily result upon the abrupt death of a father who, as in this suit, is unqualifiedly required to maintain insurance upon his life with the children as beneficiaries. Aside from what appears to me to be the inescapable construction that must be placed on the subject provision of the decree  that is, that its only patent purpose is to create an insurance estate for the benefit of his children  if by a forced construction it could be held to provide "security" under the statute for payment of the support money of $133.33 per month for each, as otherwise fixed by the decree, I think that the provision would, in that aspect, be entirely too vague and indefinite to be enforcible.
On the authority of Miller v. Miller, supra, I would hold invalid, as being in excess of the power of the trial court, that portion of the decree appealed which requires the appellant to maintain insurance on his life for the benefit of his children. The trial court does not have inherent or statutory power to decree in that fashion. The facts in this case do not reflect a situation nearly so reprehensible as that in Lindley v. Lindley, supra, so that, assuming per argumenti the correctness of the rule announced by the majority on the question of the power of the court, it is my opinion that in following Lindley v. Lindley, supra, we would nevertheless be compelled to hold that the subject provision constitutes an abuse of discretion.
I therefore dissent.
NOTES
[1] 27B C.J.S. Divorce § 319(5); Miller v. Miller, 52 Cal. App.2d 443, 126 P.2d 357; Mahaffey v. First National Bank, 231 Miss. 798, 97 So.2d 756.
[2] Rex v. Rex, 331 Mich. 399, 49 N.W.2d 348.
[3] 27B C.J.S. Divorce § 319(5); Kunc v. Kunc, 186 Okla. 297, 97 P.2d 771.
[4] Flagler v. Flagler, Fla. 1957, 94 So.2d 592; Guinta v. Lo Re, 1947, 159 Fla. 448, 31 So.2d 704.
[5] F.S. § 65.14, F.S.A.
[6] Lindley v. Lindley, Fla. 1955, 84 So.2d 17.
[7] Bell v. Bell, Fla.App. 1959, 112 So.2d 63.