84 So.2d 17 (1955)
Forrest B. LINDLEY, Appellant,
v.
Katherine P. LINDLEY, Appellee.
Supreme Court of Florida. Special Division A.
December 14, 1955.
*18 Sheppard & Roberts, Fort Myers, for appellant.
Blackwell, Walker & Gray, Miami, for appellee.
W.A. STANLY, Associate Justice.
This appeal challenges the propriety of certain provisions incorporated in a Final Decree rendered in a divorce action. In the lower court the plaintiff wife, who is the appellee here, was awarded a divorce from her husband, who is the appellant here, and also custody of their two minor children, and to that extent the final decree goes unchallenged. However, among other assignments of error which need not be discussed, the husband contends that the chancellor below committed reversible error by decreeing in substance, that: (a) the wife was joint owner of two automobiles disposed of by husband without her consent, and awarding the wife a personal judgment against the husband for one-half of the proceeds he derived therefrom; (b) the wife was the owner of a promissory note in the principal sum of $5,000 originally given by the husband to the wife's father, who undertook to transfer same to the wife, and awarding the wife a personal judgment against the husband for principal and interest due thereunder; (c) the husband shall maintain unencumbered a $20,000 life insurance policy payable to the two minor children until the youngest becomes twenty-one years old; and (d) that husband shall convey his undivided one-half interest in an eight unit apartment building located in Naples, Florida, referred to as the "Town House", and the furnishings, fixtures and appliances situated thereon, and also deposits of money held by the Bank of Naples, Florida, and utility companies incident to the operation of said Town House, to the wife as a lump sum settlement of her claim for alimony, subject to the burden of applying one-half of the income derived therefrom *19 toward support and maintenance of their minor children.
The parties were married in 1946 while the husband was serving as a captain in the United States Air Force. He had been previously divorced by two former wives, but the instant marriage was the first such venture for the appellee wife. Upon being mustered out of the service the husband availed himself of an attractive business opportunity created for him by the wife's father, who was the founder and dominant head of a business firm engaged in the manufacture of bakery supplies and equipment at Columbus, Ohio. The previous growth and prosperity of that business had enabled the father-in-law to constitute it into a family partnership in which his other three children, together with their respective spouses, already held profit sharing interests. Although the husband had no previous business experience of any consequence his father-in-law soon guided him into positions of Purchasing Agent, Director of Installation of Service, and Credit Manager of the company, yielding an income of approximately $15,000 per year. In addition, the father-in-law arranged for both his daughter and her husband, the parties to this suit, to buy profit sharing interests in the family partnership. To accomplish such purchase the husband paid $3,300 for his share and loaned his wife $5,600 to purchase her share. The wife repaid the loan soon afterward.
Two children were born to the parties, and with the aid of a $5,000 advance from the wife's father, they purchased an attractive home and enjoyed a standard of living comparable to their friends and relatives. This setup in Columbus, Ohio, appeared conducive to marital tranquility but after approximately six years of it the husband prevailed upon his wife to liquidate their holdings there and invest the proceeds derived therefrom in construction of an eight unit apartment building in Naples, Florida. According to that plan each withdrew from the aforementioned partnership, whereupon the husband received approximately $22,000, and transfer of title to a Buick and Cadillac automobile for his interest in the partnership, and the wife received $22,000, together with a promissory note of the partnership in the amount of $40,000, bearing interest at five per cent per annum, for her interest in the partnership. The $44,000 cash thus derived by the parties, plus approximately $6,000 more advanced by the husband, was in turn invested by the parties in the aforementioned Town House project. An additional $30,000 raised by mortgage loans was required to complete the construction, furnishing and equipping of said project.
It had been contemplated that the parties would also sell their Columbus home and move to the Town House, but while the wife and children were remaining temporarily in Columbus pending sale of the home there, the procuring of suitable family accomodations in Naples pending completion of the Town House, and arranging of other details incident to an orderly move, the husband became infatuated with a divorcee in Naples. Thereafter he lavished his attentions on her and openly indulged in adulterous living with her, humiliating his family and squandering his money in a fashion demonstrative of an immoral, selfish and unstable person.
The wife brought this suit for divorce and other incidental relief. The chancellor below heard the testimony of the parties and thereafter entered final decree in favor of the wife. We are asked by the husband to set aside portions of the final decree.
One of the assignments of error relates to paragraph 5(1) of the decree wherein the lower court decreed "That said parties jointly owned two automobiles, a Cadillac and a Buick, notwithstanding that the title to said automobiles was held in the name of defendant (husband)." The husband testified the vehicles were transferred to him individually from the partnership in partial consideration of his surrender of his partnership interest, in consumation of which the partnership not only delivered the actual possession of both vehicles to him individually, but also executed and delivered to him appropriate title registration certificates designating him alone to be *20 the new owner of the vehicles involved. He maintained and controlled them at all times thereafter. The burden of proof to establish, to the exclusion of reasonable doubt, that the wife acquired either a legal or equitable interest in the vehicles rested upon the wife but it is our interpretation of the evidence that she failed to meet, or satisfy, that burden. Accordingly, it was error to hold the husband accountable to the wife for the sum of $1,432.50, representing one-half of the proceeds derived from the sale of such vehicles, and to include said sum in the amount of the personal judgment against the husband provided for in the final decree.
Another assignment of error relates to paragraph 5(2) of the decree wherein it adjudged the wife to be the owner of the promissory note, dated November 3, 1949, in the principle sum of $5,000 given by the husband to the wife's father and payable on demand. Both the wife and father testified that nothing of value passed between them at the time of its transfer. The husband insists that he and the father-in-law had a clear understanding that the note would not be regarded as evidence of any debt between them. Many years had elapsed without any previous call for payment being made. Until the transfer occurred on the eve of this litigation, it had never occupied the status of an alleged property right existing between the parties to this suit. Notwithstanding the alleged transfer the wife stated that if, and when, she might collect something on the note she would in turn transmit such collections, up to $2,500 on to her father. The circumstances of the transaction preclude us from concluding that the wife became the unconditional owner and holder of the note in due course so as to create a present property right existing between husband and wife which should be an appropriate subject of litigation in this divorce proceeding. Hence it was error to undertake to adjudicate the matter in this suit, or include the amount thereof, together with interest thereon, in the personal judgment against the husband provided for in the final decree.
The husband assigns as error paragraph 7 of the decree requiring him to maintain a $20,000 life insurance policy for the benefit of the children, and to refrain from obtaining loans of money secured by said policy or otherwise impairing the value thereof until the younger child shall become twenty-one years old. In consideration of the impact which other approved provisions of the final decree will have upon the financial status of the husband and the remoteness of tangible benefit accruing to the children as a result thereof we conclude that the circumstances prevailing in this case render it inequitable to impose that requirement upon the husband.
Complaint is levelled at the chancellor's method of providing for alimony for the wife and support money for the minor children. No contention is made that the evidence fails to show actual needs of the wife and children for such an award to the full extent which the husband's means may reasonably permit. It was a matter for the chancellor in the exercise of his discretion to determine from the circumstances found to exist in this case. The evidence showed that the husband had a teenage daughter by a former marriage, and that notwithstanding a court order requiring him to contribute toward her support he had neglected to do so even when he was able to accumulate substantial savings. In the instant case he was found to be in contempt for his wilful failure to comply with the order for temporary support and maintenance of the wife and minor children. After his infatuation with the divorcee he tapped every source of money available to him, and it is reasonable to assume that if he had been able to cash in his equity in the Town House property he would have done so with result that much, if not all of it, may have been squandered or placed beyond the reach of his needy family. Section 65.08, Florida Statues, F.S.A., confers jurisdiction to order lump sum payment of alimony. Although the case of Yandell v. Yandell, Fla., 39 So.2d 554, 555, 556, cited by appellant admonishes against the award of a lump sum *21 allowance where to do so would unreasonably deplete the husband's financial position or endanger his economic status or business or professional activities, that case likewise indicates that there are "those instances where some special equities might require it or make it advisable; for instance, where the wife may have brought to the marriage, or assisted her husband in accumulating, property * * *."
From the facts of this case it is evident that the wife, and through her, the benefactions of her father in arranging for her husband to acquire a profit sharing interest in their family partnership, assisted her husband in accumulating the identical funds which were used to acquire his interest in the Town House property. Furthermore the findings of fact made by the chancellor fully warranted his determination to require security from the husband to assure future support of the wife and minor children. Section 65.14, Florida Statues, F.S.A. His interest in the Town House property afforded the only source of security that could be provided in the matter. Paragraph 6 of the final decree dealing with that particular subject, in substance, required the husband to convey his one-half interest in the Town House property to the wife as a lump sum settlement of her claim for alimony, provided that her acquisition thereof shall be burdened with the specific requirement that she apply one-half of the net income derived therefrom toward the support and maintenance of the minor children, and further required that in event of sale of same by the wife, then one-half of the net proceeds of said sale shall be invested and applied to provide support and maintenance for said children during minority, or until marriage at an earlier date.
In the drafting of that provision it would appear that the chancellor aptly applied the principles which we heretofore approved in Bezanilla v. Bezanilla, Fla., 65 So.2d 754. It is not shown that the overall purpose to be accomplished by such provisions of the decree were either unreasonable or clearly erroneous. Such portion of the decree is therefore affirmed.
The remaining assignments of error have been considered and found to be without merit. We think the decree appealed from should be revised to omit the objectionable matters pointed out above, but in all other respects should be and is hereby affirmed. The case is remanded with directions to revise the final decree in conformity herewith.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.