101 So.2d 884 (1958)
Cynthia Edna ROBERTS, Appellant,
v.
William D. ROBERTS, Appellee.
No. 138.
District Court of Appeal of Florida. Second District.
April 9, 1958.
*885 Henderson, Franklin, Starnes & Holt, Fort Myers, for appellant.
Sheppard & Woolslair, Fort Myers, for appellee.
SMITH, CULVER, Associate Judge.
The husband-appellee filed suit for divorce in the Court below and the wife-appellant filed her answer and cross-complaint seeking a divorce and an award of at least a 50% interest in the husband's assets. A divorce was granted to the husband with an award to the wife of alimony in the amount of $150 per month. From the final decree the wife takes this appeal.
Several questions were raised, but the wife, in her brief, waives all except one, which she states to be as follows: "Whether the facts in this case entitle the wife to an interest in the property of the husband, accumulated during twenty-five years of married life." The husband-appellee agrees that this is the point involved.
It would seem proper to first examine the general rules governing the right of a wife, upon divorce, to be awarded an interest in her husband's property. There appears to be two circumstances under which such an award may be made. The first is where she has contributed financially to the husband's business or acquisition of property. This is stated in 10 Fla.Jur. § 208 page 616 as follows:
"If the wife advances money to the husband for use in his business or for the purchase of property, she has a special equity which must be recognized by an adequate award."
The second situation for an award to the wife of an interest in the property of the husband is based on personal services. In this connection the rule as stated in 10 Fla. Jur. § 209 page 617 is:
"Where the wife has contributed materially by her industry and services to the husband's acquisition of property, she has a special equity in his estate, and when a divorce is granted she is entitled to an award in satisfaction of her equity."
Continuing further, beginning on page 618 the same authority states:
"Such an award can only be made where the wife has contributed services above and beyond the performance of ordinary marital duties to the husband's accumulations of property. Nothing can be awarded to the wife as and for a special equity in the husband's assets where she hindered rather than helped him in the accumulation of an estate. The wife does not have any special equity in her husband's estate merely because she contributed her funds to defray the family living expenses where she insisted on living beyond her husband's means. And where a wife renders a small amount of services, requiring no extra skill, in the husband's business, this may be too insignificant to establish an equitable interest in the business."
We now proceed to an examination of the facts of this case and their application to the principles stated. The Chancellor made no specific findings of fact in his final decree, but in view of his not awarding the wife any interest in the husband's property, it must be assumed that he found, as established, that evidence on the point which was most favorable to the husband. No evidence, other than that bearing on the one question submitted to us need be considered.
The parties to this cause were married in 1931. Two sons were born of the marriage. At the time of trial the older was 24 and in business with his father, and the younger, age 18, was in school. His expenses were being cared for by his father, so there is no question concerning an allowance for children. At the time of the marriage the husband owned about five acres of land, 150 hogs, 250 head of cattle and two motor trucks. He had set out some citrus trees on the land, and had built a small frame house, then without lights or running *886 water. When first married, the parties lived in this house. The wife taught school for the first two years of the marriage, earning a total of $1,760. She testified that she used a portion for costs of the birth of her first son ($50), to buy groceries, and to build a porch on the house, which apparently cost approximately $200. Actually the husband allowed his wife to use lumber he bought for the porch in a private venture of her own. She admits that she taught the second year for the purpose of obtaining a teacher's certificate. According to the husband, her teaching was not necessary because of any financial need, and she used the money she earned in any way she chose. In any event, the evidence fails to establish that she used her earnings to invest in her husband's business, or in any property acquired by him.
The wife contends that she did many chores in connection with the home place, on occasions when the husband was gone, but her testimony is vague and merely to the effect that she had to stay home to keep everything going. She also testified concerning services rendered by her in her husband's store. This store was purchased by the husband in 1932, and he operated it until 1946. Until the middle of 1937 it was operated by the husband and his sisters. The wife's testimony, as to working in the store, is vague, covering principally the war period at times when sufficient help could not be obtained. A Mr. Williams ran it for a number of years. The wife states her working was never regular, and she does not know over what period of time it took place.
The wife kept books for her husband for a number of years, for which he paid her the sum of $50 per month. Finally, at her request, he employed some one else at half that amount.
It is well established that the burden of proving the right to an interest in the husband's property rests upon the wife. See 10 Fla.Jur. § 207, page 615, and Lindley v. Lindley, Fla., 84 So.2d 17. Certainly there is absolutely no basis in the evidence upon which to find that the wife advanced any monies to the husband for use in his business or for the purchase of property. We must concede that the evidence shows the wife performed her household duties, which were, during the early part of the marriage, quite arduous. To be entitled to an equity in the husband's property, however, based upon her personal services, she must have done more than this. See 10 Fla.Jur. § 209, supra. The case of Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6, 9, involves a wife's helping in her husband's store, and is, we believe, in point with the situation before us here. In the Court's opinion it stated:
"It is not denied that she worked or that she was instrumental in placing in the store for sale a special line of cosmetics; also that she cooked some hams about the home and the same were sold to customers of the business. It is contended that this service increased the business of the store and resulted in the husband's property increasing in value many thousands of dollars during the eight years she was about the store."
"It is the writer's view that the evidence showing a special equity in behalf of the wife in the husband's property for the services rendered falls far short of the requirements set out in our adjudications."
Finally, we have examined the cases cited in the brief of appellant-wife and we are of the opinion that they are not controlling in the present instance. Two of them involve property held in estates by the entireties and the others are cases wherein the wife invested substantial sums of money in the business or property of the husband. We, therefore, hold that the decree of the Court below must be affirmed.
Appellant-wife has petitioned for allowance of fees for her attorney's services in connection with this appeal, and for taxing of costs. Upon consideration of the status *887 of the parties and the ability of the appellee-husband to pay, the attorneys for appellant are awarded a fee of $500 for their services rendered in this appeal, which fee shall be paid by appellee. Costs of appeal are taxed against the appellee.
In the brief of appellee-husband there is contained the following statement:
"With specific authority from Mr. Roberts himself, we say that he has no objections to this Court instructing the Chancellor below to cause Mr. Roberts to secure the payment of the $150.00 per month alimony in such manner as may be appropriate to the end that Mrs. Roberts will be protected until her death or remarriage."
The foregoing proffer on the part of the appellee-husband should be carried out. The decree of the lower Court is affirmed, but the cause is remanded for the entry of such orders or decrees as may be necessary to secure the payment of alimony until appellant's death or remarriage.
KANNER, Chief Judge, and ALLEN, Judge, concur.