PEARSON, Judge.
Appellant-husband seeks reversal of that portion of a final decree of divorce which awarded to the wife the sole ownership of the premises which had constituted the home of the parties.
Appellant very properly points out that the award of the husband’s equity in the residfence may not be considered as an award of lump-sum alimony in 'view of the fact that the decree contains the following provision: “The application for permanent alimony and for further counsel fees is denied * * I-Iowever, an award to a wife of an interest in property may be based upon the wife’s special equity in the property of her husband and such an award is not alimony. Welsh v. Welsh, 160 Fla. 380, 35 So.2d 6; accord, Eakin v. Eakin, Fla.1958, 99 So.2d 854. Such ah award must be supported by pleadings and evidence establishing an equity or right to the husband’s share ' or interest in the property. Benson v. Benson, Fla.App.1958, 102 So.2d 748.
In the instant case the amended complaint contained allegations that the wife had made contribution to establish an equity greater than the one-half interest in the property which was hers as a result of the ownership in an estate by the en-tireties. There was also included a prayer that the plaintiff be decreed to have the entire equity in the home property. The record contains evidence that the wife contributed substantially all, if not all of the monies which went into the purchase of the residence. Although the testimony is in conflict, the wife testified that she furnished the down payment from funds accumulated by her prior to the marriage and that she made the monthly payments from her own earnings. In addition the wife contributed some $2,000 from an inheritance, and while it is not clear that the funds realized from the inheritance went directly into the residence, it does appear that they made possible the purchase of an automobile, ownership of which was awarded to the husband by the final decree. Based upon this evidence we do not find that the chancellor committed error by the award.
Affirmed.
CARROLL, CHAS., C. J., and HORTON, J., concur.