' TILLMAN PEARSON, Judge.
This is an appeal by the defendant-husband from a final decree of divorce. He attacks only the financial aspects of the decree.
The basic position of the appellant is that the amounts required of him by the final decree are beypnd his ability to pay. The appellee urges affirmance upon the undisputed fact that the decree gave her no more than she was enjoying as the wife of the defendant-appellant. The' appellant’s rejoinder is that the parties have always lived beyond their means-'and have now reached a point of reckoning. The final decree awarded the following:.
(1) Alimony—$200 per month;
(2) Child support—$100 per month for each child;
(3) Required the husband to take over all past due bills of the wife and children;
(4) Required the 'husband to pay all mortgage payments, taxes, insurance, utilities, maintenance bills on the home;
(5) Provided that the wife and family should have the use of the home;
*46 (6) Required the husband to pay all unusual medical, dental or hospital bills for the plaintiff and the children ;
(7) Required the husband to keep in force and effect all the life insurance policies then existing to the benefit of the plaintiff and the children.
Appellate courts have a great reluctance to reassess the financial position of the parties to a divorce decree. It is frequently stated that the reviewing court will not substitute its judgment for that of the chancellor in the absence of a showing of abuse of discretion. Ginsberg v. Ginsberg, Fla.App.1961, 127 So.2d 137. Despite this reluctance it has been necessary on this appeal for us to review the record in the light of appellant’s contentions.
Appellant’s point directed to-a portion of the decree which requires him to maintain certain life insurance .policies[1] is well taken. While such provision should be encouraged in property settlements, we hold that this provision in the decree is not supported by the record in this case and must be stricken. Lindley v. Lindley, Fla. 1955, 84 So.2d 17.
After awarding the wife and children the right to the use of the home which is held as an estate in common, the chancellor provided as follows:
“7. The defendant is further ordered to pay all mortgage payments, taxes, insurance, utility and maintenance bills on the premises the use of which is hereinabove granted to the plaintiff, as the same accrue, either monthly or yearly, and all future unusual medical, dental or hospital bills of the plaintiff and said children.” '
It is our conclusion that the chancellor abused his discretion in requiring the defendant-appellant to pay all of the charges upon the home occupied by the appellee and the children. Paragraph 7 of the decree is hereby amended to read: The defendant is further ordered to pay all mortgage payments, taxes, insurance and major maintenance and major repair bills on the premises, the use of which is herein-above granted to the plaintiff and the children, as the same accrue, either monthly or yearly. The wife shall assume responsibility for utilities and ordinary maintenance on the premises. The defendant is also ordered to pay all unusual medical, dental or hospital bills of the plaintiff and the said children.
This holding is made entirely upon the basis that the record demonstrates that the defendant-husband does not have the capacity to meet the full responsibilities placed upon him by the final decree appealed.
The decree as amended is affirmed.

. “8. The defendant be and he is hereby required to keep in force and' effect all life insurance presently existing upon the life of the defendant, with the wife and minor children named as equal beneficiaries in each of said policies and remain named as such beneficiaries until the wife is deceased or remarries and until each child shall become twenty-one (21) years of age, or married or self-supporting, or- until further order of Court.”