194 So.2d 702 (1967)
Glenn TANNER, Appellant,
v.
Georgia B. TANNER, Appellee.
No. 6918.
District Court of Appeal of Florida. Second District.
January 4, 1967.
Rehearing Denied February 23, 1967.
*703 George W. Phillips, Tampa, for appellant.
No appearance for appellee.
ADKINS, JAMES C., Jr., Associate Judge.
The husband appeals from a final decree of divorce and takes exception to those portions awarding the wife a special equity in his business and awarding the wife's attorney a fee in the amount of $5,000.00. The husband filed suit for divorce and the wife counterclaimed seeking separate maintenance. During the trial, the wife amended the counterclaim and prayed for a divorce. The final decree found that the wife was entitled to a decree of divorce on the counterclaim. In addition to granting the divorce, the final decree awarded custody of the four children to the wife, granted her use of the jointly owned dwelling, use of an automobile, and awarded alimony and support. None of these provisions are challenged by the husband.
It was the duty of the attorney for appellee-wife to file in this court a brief, maintaining the correctness of the proceedings and judgment of the trial court. Bolles v. Carson, 73 Fla. 504, 511, 74 So. 509 (1917); Jacksonville Tractor Company v. Nasworthy, 114 So.2d 463 (Fla. App. 1st Dist. 1959). This he has failed to do, although the record contains a memorandum furnished the trial court at final hearing. The record consists of seven volumes, and the neglect of the attorney imposes an inordinate burden on the appellate court. If any cause exists for not preparing the brief, it should be seasonably reported to this court and counsel excused. Jacksonville Tractor Company v. Nasworthy, Id.
The husband contends that the court erred in awarding the wife a special equity in his business, in that the wife failed to sustain the burden of proving such equity to the exclusion of any reasonable doubt.
There are two circumstances under which such an award may be made: the first is where she has contributed financially to the husband's business or acquisition of property; the second is based on personal services which contributed materially to the husband's acquisition of property. Roberts v. Roberts, 101 So.2d 884 (Fla.App.2nd Dist. 1958).
The burden of proof was upon her to establish, to the exclusion of reasonable doubt, that she had acquired either a legal or equitable interest in the property. Lindley v. Lindley, 84 So.2d 17 (Fla. 1955). *704 Just as in cases involving a constructive trust, the evidence to establish the equity of the wife must be so clear, strong, and unequivocal as to remove from the mind of the chancellor every reasonable doubt as to the existence of her special equity. See Cannova v. Carran, 92 So.2d 614, 619 (Fla. 1957).
During the early years of the marriage the wife performed valuable services in the businesses known variously as, Supreme Radio Service, Tanner Radio and Electronic Supply, Inc., and Wired Music, Inc. She had an equal ownership of stock in Wired Music, Inc. with her husband. This corporation was dissolved by the husband in 1949. The chancellor found that the stock in Wired Music, Inc. had a gross value of approximately $45,000.00, but the evidence does not sustain this finding. The lower court also found that upon dissolution of Wired Music, Inc., as a corporation, it was then operated by him as a sole proprietorship without any distribution of assets. There is no "clear, strong, and unequivocal" evidence to show any amount of money which the wife may have contributed to any business of the husband.
This couple arrived in Tampa, Florida, during 1951, and since that time the husband has built a business of considerable value. The wife has performed certain minor services for the business, but the evidence fails to show that she advanced money to him for use in his business or that her services were above and beyond the performance of ordinary marital duties to the husband's accumulations of property. See Banfi v. Banfi, 123 So.2d 52 (Fla.App.3rd Dist. 1960).
That portion of the final decree awarding the wife a special interest in the amount of $43,000.00 is not sustained by the evidence.
Alimony is determined by the necessities of the one party and the abilities of the other. The allowance of the special equity in the amount of $43,000.00 to be paid from the business of the husband had a material bearing upon the necessities of the wife as well as the abilities of the husband. Upon remand, the lower court may, in his discretion, make a redetermination of alimony and support.
The husband also contends that the evidence was insufficient to support an award of attorney's fee in the amount of $5,000.00. A practicing attorney was called as a witness, and testified that he "glanced" through the court file and made notes as to information he gathered; that the wife's attorney informed the witness that 200 hours had been spent on the case; that he understood the assets of the husband were over "a quarter of a million dollars." Although the witness stated he discussed the matter with the wife's attorney for only 10 minutes, he nevertheless detailed the progress of the case in his testimony and adequately described the legal work involved in a case of this nature. In his opinion, "considering the time involved in the complex matters involving the businesses, a reasonable fee would be $7,500.00". The court allowed a fee of $5,000.00. The testimony of the expert witness was competent and there was adequate proof of the reasonable value of the services of the wife's attorney.
The decree appealed from should be revised to omit the objectionable matters discussed above and, in the discretion of the chancellor, alimony and support money may be redetermined. In all other respects the final decree is hereby affirmed. The case is remanded with directions to revise the final decree in conformity herewith.
Affirmed in part, reversed in part and remanded for further proceedings consistent with the views herein expressed.
ALLEN, C.J., and SHANNON, J., concur.