235 So.2d 315 (1970)
Robert H. WOLLMAN, Appellant,
v.
Sylvia WOLLMAN, Appellee.
No. 69-768.
District Court of Appeal of Florida, Third District.
May 12, 1970.
Rehearing Denied June 3, 1970.
Caidin, Rothenberg, Kogan, Kornblum & Rothenberg, Miami, for appellant.
Ginsberg & Goldman, North Miami Beach, for appellee.
Before CHARLES CARROLL, BARKDULL and SWANN, JJ.
PER CURIAM.
The husband Robert H. Wollman appeals from a final decree of divorce which granted him a divorce from his wife, Sylvia, but awarded her a one-half interest in certain property which was held solely in his name. He has appealed and the wife has cross-assigned certain ruling of the trial judge as error.
The record on appeal reveals that the wife met her burden of proof in establishing a special equity in this particular property. See Lindley v. Lindley, Fla. 1955, 84 So.2d 17; and Tanner v. Tanner, Fla.App. 1967, 194 So.2d 702.
The husband admitted that "they both owned everything" referring to their interest in marital property and that there was no distinction between what they owned.
If a wife advances money to her husband for use in his business or for the *316 purchase of property she may, upon proper pleadings and sufficient and proper proof, be awarded a special equity therein. See Parsons v. Parsons, 154 Fla. 299, 17 So.2d 223 (1944); Strauss v. Strauss, 148 Fla. 23, 3 So.2d 727 (1941); Heath v. Heath, 103 Fla. 1071, 138 So. 796 (1932); Green v. Green, Fla.App. 1969, 228 So.2d 112; Volpe v. Volpe, Fla.App. 1969, 227 So.2d 534; Perine v. Perine, Fla.App. 1965, 175 So.2d 71; Wood v. Wood, Fla.App. 1958, 104 So.2d 879; and 10 Fla.Jur. Divorce, Etc., § 208. Appellant's argument for reversal on this point is insufficient.
Appellant husband argues that error was made in the award of attorneys' fees by the trial court for services rendered to the wife by her counsel. We have examined the record and briefs and find this point insufficient to warrant reversal.
The husband's last point for reversal is that there was error made in the final decree by the award to the wife of $200 per month as alimony. This is so he reasons because when the $200 alimony is added to the $350 per month he is required to pay as support for his two minor children it far exceeds his ability to pay. The wife has cross-assigned as error the order of the trial court which reduced a temporary award to her of $681 per month for alimony and child support to $550 per month for alimony and child support granted by the final decree of divorce.
There is sufficient, competent evidence in the record to sustain the award of alimony and child support granted and awarded by the trial judge in the final decree.
The wife has filed a cross-assignment of error arguing that the husband refused to answer an interrogatory or certain questions on the ground that his answers might be self-incriminating and he should, therefore, be denied any affirmative relief. We have previously ruled on this question in Simkins v. Simkins, Fla.App. 1969, 219 So.2d 724 and adhere to that decision.
The final decree is
Affirmed.
BARKDULL, Judge (dissenting in part).
I respectfully dissent from so much of the majority opinion as found that the wife had a special equity in the stock and corporate notes owned by the husband.
I do not think the evidence is sufficient to support a tracing of the small funds that the wife contributed to the joint account, from which the parties lived, into the acquisition of the stock. The wife conceded that she contributed to the joint account in the early years of their marriage to meet the necessary marital expenses. The funds, at all times, were co-mingled and I find nothing in the record which indicates that the wife is in any position to contend that the funds taken from the joint account by the husband and invested in the stock in his own name were one-half her funds rather than his. The record reveals that the vast majority of the funds contributed to the joint account, from which the stock was purchased, were his funds.
From the cases, it appears the burden of proof upon a wife to sustain a special equity is "to establish, to the exclusion of reasonable doubt, that [she] had acquired either a legal or equitable interest in the [property]". Lindley v. Lindley, Fla. 1955, 84 So.2d 17; Tanner v. Tanner, Fla.App. 1967, 194 So.2d 702. Applying this test to the evidence in the case under consideration, I fail to find that the wife established any special equity and, therefore, would reverse this aspect of the final judgment of divorce here under review. In all other respects, I concur in the majority opinion.