279 So.2d 91 (1973)
Roger W. HARLOFF, Appellant,
v.
Winifred J. HARLOFF, Appellee.
No. 72-142.
District Court of Appeal of Florida, Second District.
June 6, 1973.
R.J. Marshall, Palmetto, for appellant.
Sheldon E. Finman, of Ginsburg, Ross, Dent & Byrd, Sarasota, for appellee.
PIERCE, Judge, (Retired).
Appellant Roger W. Harloff appeals a final judgment of dissolution of marriage, ordering, among other things, that Roger pay to his ex-wife, Winifred, the sum of $20 per week for the support of the twelve year old minor child; alimony in the amount of $10 per week; as lump sum alimony, Roger's interest in the marital home. It ordered that Roger maintain a health and accident insurance policy on each of the three minor children during their minority. The judgment further provided:
4. In addition, the Husband shall pay to the wife as alimony, one-half of any net income he receives over $5,000, less any amounts paid by the Husband for the higher education of any of the minor children of the parties and less any amounts the husband pays on the second mortgage on the marital home of the parties. The Mortgagee on the said marital home is the law firm of Garland and Garland.
5. Net income is defined as total gross income received by the husband, less any ordinary business expenses expended to earn the said income. Said ordinary expenses shall not include depreciation or taxes.
* * * * * *
9. The insurance policies [life] naming the husband as insured shall be turned over to the Husband and is hereby ordered to change the beneficiary on said policies to his three minor sons in equal proportions and is ordered not to change beneficiaries on said policies hereafter and not to further encumber said policies.
The parties have three children. The oldest boy, nineteen years of age, is a sophomore in college, owns his own automobile and is somewhat dependent upon his parents for his tuition, room and board. The second boy is eighteen, lives with his mother, has a take-home pay of $86 a week, pays nothing for his room, board or laundry, and owns his own car. The youngest child lives with his mother and is dependent upon his parents for support.
Roger urges that the lower court abused its discretion in requiring him to change the beneficiaries on his life insurance policies *92 to the three minor children, prohibiting him from encumbering same, with no time limit imposed as to the duration.
Under proper circumstances a trial court may require a divorced father to maintain insurance on his life as security for the payment of maintenance and support awarded his minor children. We, therefore, affirm the judgment as to this provision, without prejudice, however, to any later application for modification based upon any child of the parties reaching its majority, or becoming self-supporting. Riley v. Riley, Fla.App. 1961, 131 So.2d 491.
The other points raised on this appeal are without merit.
The judgment appealed is, therefore
Affirmed.
MANN, C.J., and McNULTY, J., concur.