289 So.2d 17 (1974)
Joyce LYTTON, Appellant,
v.
Walter Milam LYTTON, Appellee.
No. 73-397.
District Court of Appeal of Florida, Second District.
January 25, 1974.
*18 Ronald H. Schnell, St. Petersburg, for appellant.
Gary E. Wagner, of D.J. Bradshaw Law Offices, Inverness, for appellee.
BOARDMAN, Judge.
This is an action for dissolution of marriage. The appellee, plaintiff/husband, *19 filed a petition for dissolution. The appellant, defendant/wife, filed her response in which she denied the marriage was "irretrievably broken"; prayed for an accounting, alimony  permanent and temporary, special equity in the property of the parties, attorney's fees and cost and expenses. The case is before us on appellant's timely filed interlocutory appeal from an order of the trial court styled "ORDER ON MOTION TO COMPEL DISCOVERY." The material part of the order states:
Ordered and adjudged that Husband's objections to that portion of Request Nos. 1, 2, 3, 5, 6 and 7 that pertain to production of documents of Marmet Mobile Homes, Inc. are sustained, Husband is not required to produce said documents.
The appendixes to the briefs disclose that on February 5, 1973, appellant served a request for production under Rule 1.350, RCP, 30 F.S.A., of certain books, records and documents in possession of the appellee, including the records of Marmet Mobile Homes. The appellee was requested to produce said data and information at his deposition scheduled for February 14, 1973. Appellee's deposition was rescheduled for February 28, 1973, at which he was requested to bring the specified documents. Rule 1.350(b), RCP, provides in applicable part:
... The party to whom the request is directed shall serve a written response within 30 days after the service of the request, except that a defendant may serve a response within 45 days after service of the process and initial pleading upon that defendant. The court may allow a shorter or longer time. For each item or category the response shall state that inspection and related activities will be permitted as requested unless the request is objected to, in which event the reasons for objection shall be stated... .
At appellee's deposition, he orally objected to producing the records and did not produce them. Appellee contended that appellant had not complied with the 30-day provision of the rule, supra, in that the required period of time had not elapsed. Appellee testified at the deposition hearing that he was the sole stockholder and owner of Marmet Mobile Homes. Appellant then filed a motion for continuance, to compel discovery, for attorney's fees, cost and expenses under Rule 1.380 RCP. This motion recited that request for production had been served on the appellee and prayed for an order to compel discovery as provided for by Rule 1.380(a)(2), and for an order to require appellee to pay appellant her expenses including attorney's fees incident to the motion as provided for in subparagraph (a)(4) of the rule. The appellee did not file a response to that motion.
After proper hearing the trial court entered an order directing appellee to produce certain records not germane to this opinion, denied appellant's request for attorney's fees, reserved ruling on her request for records of the Marmet Mobile Homes, and directed appellant's attorney to file a written memorandum in support of his contention that appellant was entitled to access of the records of the corporation. The memorandum is not part of the record here. After review of the memorandum the trial court entered the order from which appellant appeals.
In spite of the fact that the appellee never filed any written response to the request for production and even though the motion to compel discovery and the hearing thereon occurred more than 30 days after service of the request, the order in question might be affirmed on the technical basis that appellant was seeking to have production of the records within a period of time less than the 30 days contemplated by Rule 1.380. However, it does not appear that the order was entered upon this basis, and we think it advisable to go to the merits of whether or not the appellant would ever be entitled in this proceeding to the production of the records of Marmet Mobile Homes.
*20 It is the settled law of this state that should the wife prove the allegations contained in her response, namely that she made substantial financial contribution and performed personal services for her husband's business, Marmet Mobile Homes, that she would have established her entitlement to a special equity in the business. See Tanner v. Tanner, Fla.App.2nd, 1967, 194 So.2d 702, cert. den. Fla., 201 So.2d 560; and Wollman v. Wollman, Fla.App. 3rd, 1970, 235 So.2d 315. Such proof must be to the exclusion of a reasonable doubt. See Lindley v. Lindley, Fla. 1955, 84 So.2d 17, and Tanner v. Tanner, supra.
Moreover, the financial ability of the husband is always an essential consideration where the wife is seeking alimony. Welsh v. Welsh, 1948, 160 Fla. 380, 35 So.2d 6; Campbell v. Campbell, Fla.App.4th, 1969, 220 So.2d 920. Indeed it is difficult to perceive how the parties could either reasonably negotiate a property settlement, or the trial court decide with fairness the question of alimony, special equity and other questions involved, without having before it complete knowledge of the husband's assets, including his interest in Marmet Mobile Homes.
The appellee's contention that in order to be entitled to the requested discovery the wife must first show she is entitled to an accounting is beside the point, because this is not primarily a suit for accounting. The appellee inferentially suggests that the court should not enter an order compelling discovery of records of an out-of-state corporation which is not a party to the suit. However, the record reflects that the corporation is a closely held corporation owned by him and there is no suggestion that such records are not in his possession, custody or control.[1] The argument that the request for production referred to Marmet Mobile Homes, whereas the wife's pleadings sought a special equity in Marmet Mobile Homes, Inc. is totally without merit since appellee's deposition reflects that there is only one corporation involved.
The court erred in entering the order under review. Since the appellee has never filed a written response, he should do so upon remand with respect to that portion of the request for production pertaining to Marmet Mobile Homes, at which time he may raise any matters properly within the scope of Rule 1.350(b) which have not been concluded by this opinion. If the appellant is dissatisfied with the response, she may file a new motion for order compelling discovery for hearing before the lower court.
The appellant did not appeal from the order which denied her motion for attorney's fees relating to those items in her request for production which the lower court ordered produced. While the effect of our decision is likely to result in the appellee having to produce further records, we do not believe the appellant should be awarded attorney's fees for successfully prosecuting that portion of her motion to compel discovery, because the appellant originally attempted to obtain the records of Marmet Mobile Homes within a period of time less than that contemplated by the rules.
The order denying the motion to compel production is reversed, but appellant's claim for attorney's fees is denied.
McNULTY, A.C.J., and GRIMES, J., concur.
NOTES
[1] See 4A Moore's Federal Procedure, Sec. 34.17; cf. Norman v. Young, CA 10th 1970, 422 F.2d 470.