297 So.2d 608 (1974)
J. Davis ABBOTT, Appellant,
v.
Marcia A. ABBOTT, Appellee.
No. 73-258.
District Court of Appeal of Florida, Second District.
July 10, 1974.
John G. Fatolitis, Tarpon Springs, for appellant.
Robert J. Elkins of Law Offices of Dick Lee, Sarasota, for appellee.
MANN, Chief Judge.
The parties were married, moved to Florida and bought a home in 1966. Seven years later they separated, and the wife continued to make the mortgage payments on the house, and lived in it. The trial judge found that she had proved by "clear and convincing" testimony that the down payment for the house had come from her personal funds. The trial judge awarded the equity in the home to the wife to the extent of the $2500 down payment, and the balance of the equity as lump sum alimony. No periodic alimony was awarded.
If, as Lindley v. Lindley[1] suggests, the quantum of proof necessary to establish a special equity is beyond a reasonable doubt, we would be obliged to reverse. However, since Lindley a number of cases have retrenched from rigorous standards of proof. In Lego v. Twomey,[2] the Supreme Court of the United States held a preponderance of evidence sufficient to establish the voluntariness of a confession. That decision was adopted by the Supreme Court of Florida in McDole v. State.[3]
More to the point, our Supreme Court held, in Rigot v. Bucci,[4] that since the merger of law and equity, it is no longer appropriate to require charges of fraud to be proved by a standard more strict than a preponderance of the evidence. Finally, the Supreme Court in Allstate Insurance Co. v. Vanater[5] has just held that the burden of proving mutual mistake in an action for reformation need not be beyond a reasonable doubt as suggested by previous decisions. The court referred to the reasonable *609 doubt burden as being applicable to criminal cases. However, the court rejected the contention that the mistake must be proved only by the preponderance of the evidence, because, unlike Rigot, reformation has always been exclusively an equitable remedy.
Since the awarding of a special equity incident to divorce likewise always has been the subject of equity jurisdiction, we perceive Allstate as dictating the burden of proving a special equity to be one of clear, convincing and satisfactory evidence. Thus, it appears that the trial court was prophetic in setting forth the requisite burden. We believe the evidence supports her conclusion that this burden was met.
The result arrived at in this case, in which a wife gets the home she made the down payment on, though the funds had been deposited in a joint account after the parties married, and the husband is relieved of alimony as such, is quite equitable. In fact, the entire equity in the house might well have been awarded to the wife, who was about to resume employment after a period of inability to work, as lump sum alimony, but it wasn't.
The judgment is affirmed.[6]
GRIMES, J., concurs.
BOARDMAN, J., dissents with opinion.
BOARDMAN, Judge (dissenting).
I respectfully dissent.
It is a well-established and accepted principle of law in this state that the burden is upon the spouse seeking to establish a special equity to prove to the exclusion of a reasonable doubt that (s)he has a legal or equitable interest in and to the other spouse's property. Lindley v. Lindley, Fla. 1955, 84 So.2d 17. This court in Tanner v. Tanner, Fla.App.2d, 1967, 194 So.2d 702, cert. den. 201 So.2d 560, followed this higher standard of proof.[1] The majority opinion seeks to overrule this controlling precedent on the basis of certain trends pronounced by our Supreme Court in other areas of the law.
I am convinced that by applying a different standard of proof necessary to establish a special equity than that clearly established by decisional law, the majority is acting in excess of its authority.[2]
Accordingly, I do not agree with the position expressed in the majority opinion. In view of the fact that this was the only issue raised for our review, I would reverse and remand for appropriate proceedings.
NOTES
[1] Fla. 1955, 84 So.2d 17; see also Singer v. Singer, Fla.App.3d 1972, 262 So.2d 731; Tanner v. Tanner, Fla.App.2d 1967, 194 So.2d 702.
[2] 1972, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618; cf. United States v. Matlock, 1974, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242.
[3] Fla. 1973, 283 So.2d 553.
[4] Fla. 1971, 245 So.2d 51.
[5] Fla. 1974, 297 So.2d 293.
[6] We are sensitive to the point which Judge Boardman has raised in his dissent, but we believe the decisional authority is so clear in general that we should not rule differently on a question not precisely considered by our Supreme Court in recent years. As for the proper mode of handling a case whose precedential underpinnings have been eroded, we would refer the reader to Chief Judge Haynsworth's opinion in Rowe v. Peyton, 4th Cir.1967, 383 F.2d 709, which, although superficially in conflict with McNally v. Hill, 1934, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, was nevertheless in keeping with more recent decisions. The Fourth Circuit opinion was upheld in Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, overruling McNally.
[1] See also the recent decision of this court in Lytton v. Lytton, Fla.App.2d 1974, 289 So.2d 17.
[2] Hoffman v. Jones, Fla. 1973, 280 So.2d 431.