MAGER, Judge
(dissenting) :
A married woman stands as an equal to her husband in the eyes of the law. This court’s affirmance of the award of the husband’s interest in the jointly held marital dwelling to the wife as a special equity demonstrate that mere lip service is being given to this concept of equality in the marital relationship. Steinhauer v. Steinhauer, Fla.App.1971, 252 So.2d 825; Hanzelik v. Hanzelik, Fla.App.1974, 294 So.2d 116; Rey v. Rey, Fla.App.1973, 279 So.2d 360; see also Ball v. Ball, Fla.App.1974, 303 So.2d 32; Kennedy v. Kennedy, Fla. 1974, 303 So.2d 629.
In furtherance of this concept we have recognized that in jointly held or acquired property the marital partners are presumed to have made a gift — one to the other. This presumption is not overcome by the gift giver’s belated declaration that such^ was not the intention at the time the property was placed in joint ownership; recognition of a special equity in jointly held property is subject to a more stringent standard of proof. Lytton v. Lytton, Fla.App.1974, 289 So.2d 17; but see Abbott v. Abbott, Fla.App.1974, 297 So.2d 608. The proof is lacking here; additionally, the record does not reflect such extraordinary circumstances as to give rise to a special equity. Steinhauer, supra.
The source of the contributing spouse’s funds is immaterial; it is the gravity and totality of the circumstances surrounding the acquisition of the jointly held property that is pertinent to the “special equity” contention.
In Steinhauer and its progeny this court was unwilling to perpetuate the concept of a wife’s inferiority and subservient status and sought thereby to treat the parties equally by recognizing that contributions made by the husband or the wife towards' the acquisition of jointly held property were presumed to have been gifts to the marital partnership. If the equality of the marital relationship presumes that these contributions are a gift then any division of the jointly held property must be equal.
If the majority is unwilling to either accept or apply this concept then we should recede from Steinhauer. If not, Stein-hauer ought to apply in this case with the result being that the wife’s “separate funds”, which were utilized to acquire the marital dwelling in the name of the husband and the wife, are to be treated as a gift to the marital relationship with the result that the property is to be divided equally between the parties. Therefore, I would reverse.