319 So.2d 46 (1975)
Charles SIMON, Appellant,
v.
Sally SIMON, Appellee.
No. 74-1017.
District Court of Appeal of Florida, Third District.
September 9, 1975.
Angelo P. Demos, Hilton R. Carr, Jr. and James F. Dougherty, II, Miami, for appellant.
Heller & Kaplan and Lynn Richard Mattaway, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order, modifying a final judgment dissolving marriage, as amended, requiring appellant, defendant in the trial court, to maintain and keep in full force and effect on his life a $100,000 term life insurance policy for the benefit of his two minor children, ages 17 and 6 respectively. Said order modified a previous order of the trial court requiring defendant to maintain similar insurance for the benefit of his former wife, appellee and plaintiff in the trial court.
Defendant contends that the trial court erred in entering the order because its effect was to guarantee the future payment *47 of child support to his two children, when it was undisputed that he had permanent custody of them.
The record before us shows that the custody of defendant's two children was awarded to him after lengthy divorce litigation between him and his former wife, resulting in prior appeals to this court. As a final result of this litigation, defendant was granted custody of his two children in 1972, and has the sole obligation to support and care for them. Defendant is remarried and is raising two other children by his wife of a previous marriage in addition to the children in the case sub judice. The record further indicates that defendant is retired, is in good health and does not engage in any type of dangerous occupation.
Section 61.13(3), Fla. Stat., F.S.A., provides that in any proceeding under this chapter [Divorce], the court, at any stage of the proceeding and after final judgment, may make such orders about what security is to be given for the care, custody, and support of the minor children of the marriage as from the circumstances of the parties and the nature of the case is equitable. Although this section has often been interpreted by the courts of this state, we are unable to find any case in which such security has been required when the children involved in the divorce were in the custody of the person obligated for their support, in this case the defendant father. While Section 61.13(3), Fla. Stat., F.S.A., under proper circumstances, may permit a court to require that a father maintain insurance on his life as security for the maintenance and support awarded to his minor children, e.g., Harloff v. Harloff, Fla.App. 1973, 279 So.2d 91; Bosem v. Bosem, Fla.App. 1973, 279 So.2d 863; Black v. Miller, Fla.App. 1969, 219 So.2d 106; in our opinion, under the circumstances of this case, it was not proper to impose such a requirement. Therefore, the order appealed to the extent it requires defendant to maintain insurance on his life for the benefit of his minor children, is reversed. Wilson v. Wilson, Fla.App. 1964, 163 So.2d 45; Lindley v. Lindley, Fla. 1955, 84 So.2d 17; and see 59 A.L.R.3d 9.
Reversed.