336 So.2d 665 (1976)
Cecilia STEINHAUER, Appellant,
v.
James L. STEINHAUER, Appellee.
No. 75-1224.
District Court of Appeal of Florida, Fourth District.
July 30, 1976.
Rehearing Denied September 9, 1976.
*666 Sam E. Murrell, Jr., of Sam E. Murrell & Sons, Orlando, for appellant.
No appearance for appellee.
PER CURIAM.
Wife appeals from final judgment and subsequent Order Amending Final Judgment in a dissolution of marriage case. Appellant argues several points involving child custody and the award of a special equity to the husband in the former marital home. We are unable to determine the merit of this appeal because appellant does not include in the record on appeal a transcript of testimony heard by the trial judge. The record as presented is too sparse to afford a basis for any disturbance of the chancellor's findings, which we receive with a presumption of correctness. Ledee v. Ledee, 321 So.2d 446 (Fla. 3d DCA 1975).
It is the responsibility of an appellant to provide the appellate court with an adequate record of the evidence and proceedings below which are essential to a just determination of the issues. Stearns v. City of Titusville, 246 So.2d 641 (Fla. 4th DCA 1971). Without a sufficient record, the appellate court may not properly consider the points on appeal and must affirm the judgment of the lower court. Hall v. Bass, 309 So.2d 250 (Fla. 4th DCA 1975); Pierson v. Sharp, 283 So.2d 880 (Fla. 4th DCA 1973). It may be added that the recollections of counsel as to what was said and done in chancery are no substitute on appeal for a certified transcript of the proceedings. Haller v. Santona Land Corp., 275 So.2d 591 (Fla. 1st DCA 1973); Pryor v. Pryor, 274 So.2d 242 (Fla. 1st DCA 1973).
Accordingly, we have no option but to affirm the decisions of the chancellor.
Affirmed.
WALDEN, CROSS and ALDERMAN, JJ., concur.