344 So.2d 886 (1977)
Earl Wayne EBERLY, Appellant,
v.
Helen Dianna EBERLY, Appellee.
No. 75-1714.
District Court of Appeal of Florida, Fourth District.
March 25, 1977.
*887 Joseph A. Rosier of Byrd & Rosier, Orlando, for appellant.
Kenneth W. McIntosh of Stenstrom, Davis & McIntosh, Sanford, and Marcia K. Lippincott, Orlando, for appellee.
SMITH, ROBERT P., Jr., Associate Judge.
Mr. Eberly seeks reversal of an order entered after final judgment in this marriage dissolution proceeding. In the judgment the circuit court dissolved the marriage and retained jurisdiction of the parties and the "entire subject matter." By the later order he determined the money, property and custody issues. Mr. Eberly asserts that the circuit court, having entered judgment, was without jurisdiction later, and he urges the court erred in awarding alimony and child support.
The trial court, having properly retained jurisdiction, had power to act in respect to the issues reserved. Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA 1975), cert. disch., 329 So.2d 299 (Fla. 1976); Becker v. King, 307 So.2d 855 (Fla.4th DCA 1975), cert. disch., 317 So.2d 76 (Fla. 1975); Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976).
In most respects Mr. Eberly's attack fails because the trial court's decision largely rests on testimony of which Mr. Eberly had supplied no transcript, and we are without means to review the circuit court's rulings. Steinhauer v. Steinhauer, 336 So.2d 665 (Fla. 4th DCA 1976) and Haller v. Santona Land Corp., 275 So.2d 591 (Fla.1st DCA 1973). In one respect, however, we conceive error appears notwithstanding absence of a transcript. The court ordered Mr. Eberly to keep in effect two insurance policies having a face value of $115,000 and directed him to declare the parties' minor children  two daughters in his custody and four sons in Mrs. Eberly's custody  equal beneficiaries of the policy benefits until the youngest child reaches 18 years of age.
Numerous appellate decisions have upheld orders such as the one before us: Riley v. Riley, 131 So.2d 491 (Fla.1st DCA 1961); Harloff v. Harloff, 279 So.2d 91 (Fla.2d DCA 1973); Bosem v. Bosem, 279 So.2d 863 (Fla. 1973); Becker v. King, supra; Perkins v. Perkins, 310 So.2d 438 (Fla.4th DCA 1975); Moore v. Moore, 311 So.2d 152 (Fla.3d DCA 1975), cert. den., 324 So.2d 87 (Fla. 1975). The earlier cases sustained such orders as proper to provide security for child support payments otherwise ordered, even though those orders appeared to make the children absolute beneficiaries of the policies, subject to change only by court order. The orders thus sustained evidenced no purpose that the children's insurance interests should be for security only, to the extent of prospective child support lost by the father's death. The orders affecting insurance in Riley, Harloff and Bosem were unambiguously for the absolute benefit of the minor children, yet they were sustained on appeal as means properly taken under Section 65.14, now Section 61.13(4), Florida *888 Statutes (1975), to secure support payments otherwise ordered. Judge Sturgis, dissenting in Riley, 131 So.2d at 495, questioned the appellate process by which an order absolute in terms should be regarded as for security only. Nevertheless, the Supreme Court similarly transformed such an order in Bosem and announced that a divorced father may be required to maintain life insurance "as security for the support of his minor children in the event of his death." 279 So.2d at 865. On the authority of Bosem, similar orders have been affirmed without the formality of transforming them into "security." See Perkins and Becker.
The order now before us illustrates the ambiguity in the line of decisions beginning with Riley and requires that its provision for life insurance be either excised or clarified. The order in this case has these undesirable results:
First, the order leaves unresolved whether the insurance is to create an estate for the Eberly children upon their father's death, which if intended is subject to serious question,[1] or is intended only to secure payment of child support otherwise ordered. Conferring on the children a seemingly absolute interest in the insurance policies and naming them absolute beneficiaries may well establish unintended rights and duties between the insurers and the children and may generate future controversy, upon Mr. Eberly's death, between the insurer, the children, be they minors or adults, and Mr. Eberly's estate.
Second, the order leaves unresolved whether each child's attainment of majority will divest his or her interest in the prospective insurance benefits. Thus, the order tends to generate future controversy among the children, should Mr. Eberly die when only the youngest child is still a minor, whether majority siblings are to be denied shares in the policy proceeds.
And third, the order exacerbates in this case the ambiguity created in Riley, Bosem, and the other decisions cited. It makes the two daughters placed in Mr. Eberly's custody equal insurance beneficiaries with the four sons placed in Mrs. Eberly's custody. Under the view of Simon v. Simon, 319 So.2d 46 (Fla.3d DCA 1975), it is improper to require a father with custody of minor children to maintain insurance on his life as security for support owed those children. That view is surely consistent with the idea of insurance securing support payments otherwise ordered. In Simon, as here, the chancellor did not order and presumably could not have ordered the husband to set aside a certain part of his income for the particular benefit of children in his custody. Yet, if the purpose of the order is to create a support fund independent of the father's obligations otherwise adjudicated, it would be manifestly unjust to exclude the Eberly daughters and divide their prospective shares among the sons simply because the daughters are to be in their father's custody rather than their mother's. We conceive this circumstance, evidently not present in the earlier cases, here reveals an undesirable ambiguity in orders of the type approved by those decisions and relieves us of obedience to those precedents.
We hold that the chancellor in a dissolution proceeding may not, absent the father's agreement, order him to maintain life insurance for the absolute benefit of his minor children. Insurance protection may be so required only for the benefit of children for whom money support is otherwise lawfully ordered, and only as security for the payment of that support during minority.
The chancellor's order will be vacated insofar as it pertains to insurance and the case will be remanded for further proceedings *889 consistent with our decision. Mrs. Eberly's motion for an allowance of fees for her counsel's appellate services is granted, the amount to be determined by the circuit court.
AFFIRMED in part, REVERSED in part.
CROSS, J., concurs.
COBB, WARREN H., Associate Judge, concurs in part, dissents in part, with opinion.
COBB, WARREN H., Associate Judge, concurring in part and dissenting in part:
In Bosem v. Bosem, 279 So.2d 863 (Fla. 1973), the Florida Supreme Court expressly held that a trial judge has the power, pursuant to Section 61.13, Florida Statutes Annotated to require maintenance of a life insurance policy insuring the life of the payor of child support payable to the minor children until they reach majority or are emancipated. In respect to the four sons in Mrs. Eberly's custody, that is precisely what the trial judge did in this case. The majority opinion, without benefit of a trial record, or even a factual stipulation, which would show the circumstances considered by the trial judge in making this determination, undertakes to reverse Bosem. See Haller v. Santona Land Corporation, 275 So.2d 591 (Fla.1st DCA 1973).
As stated by the Supreme Court in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973): "To allow a District Court of Appeal to overrule controlling precedent of this Court would be to create chaos and uncertainty in the judicial forum, particularly at the trial level."
In Simon v. Simon, 319 So.2d 46 (Fla.3d DCA 1975) it was held that life insurance can be required by the court as security for maintenance and support awarded (emphasis added) to minor children, but cannot be required, even as security, when the minor beneficiaries are in the custody of the person obligated for their support.
Accordingly, I would affirm the trial court in all respects except as to the requirement, shown on the face of the ancillary order, that the two minor daughters in Mr. Eberly's custody be mandatorily included as beneficiaries of the two insurance policies.
NOTES
[1] "It seems to be the general rule that a court has no power to require a divorced father to build an estate payable to his children upon his death. Thus it has been held erroneous as an abuse of judicial power to require a divorced father to provide for an insurance estate payable to his child or children after majority; to place capital stock of private corporations in trust payable to his children after they reach their majority; or to make an irrevocable will in favor of his children which would devolve to them after his death... ." Riley, 131 So.2d at 491-92 (footnotes omitted).