PER CURIAM.
The trial court mistakenly concluded it was without jurisdiction to consider the wife’s motion filed after judgment of dissolution, seeking to compel the return from the husband of $10,000 taken by him from the parties’ joint checking account. We reverse and remand.
Diejuste v. Diejuste, 400 So.2d 981 (Fla. 4th DGA 1981), upon which the trial court relied, is not applicable to the facts of this case. Here, a non-final order had been entered which directed the husband to hold the questioned sum until further order of the court. The wife’s petition for dissolution had specifically sought the return of the $10,000 together with alimony, child custody and support and other relief. After the entry of the non-final order, the court bifurcated the proceedings, entering a final judgment of dissolution and reserving jurisdiction “on all other issues including, but not limited to, child support, alimony, child custody and any other matter between the parties.” Jurisdiction was accordingly reserved to consider the return of the $10,000. See Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977).
LETTS, C.J., and DOWNEY and GLICK-STEIN, JJ., concur.