802 So.2d 476 (2001)
Noel ROBBINS, Appellant,
v.
JACKSON NATIONAL LIFE INSURANCE COMPANY and Karen L. Hicks, Appellees.
No. 2D01-326.
District Court of Appeal of Florida, Second District.
December 21, 2001.
*477 Noel Robbins, pro se.
Charles D. Bavol, Jack E. Fernandez, Marilyn Muir Beccue, and Kevin M. Gilhool of Bavol, Bush & Sisco, P.A., Tampa, for Appellee Jackson National Life Insurance Company.
No appearance for Appellee Karen L. Hicks.
ALTENBERND, Acting Chief Judge.
Noel Robbins appeals the final judgment in an action for declaratory judgment filed by Jackson National Life Insurance Company. Mr. Robbins maintains that Jackson National has no authority to provide his former wife with life insurance policies that insure his life. We affirm because the insurance policies are authorized by orders entered in the dissolution action between Mr. Robbins and his former wife, Karen L. Hicks.
Mr. Robbins, who is approximately 70 years old, was divorced from Ms. Hicks in 1991. The couple has two children, who are now adults. At the time of the divorce, Mr. Robbins was ordered to pay child support. The child support was secured by an existing life insurance policy that Mr. Robbins owned. Thereafter, Mr. Robbins and Ms. Hicks had disagreements concerning the child support. Eventually, as a result of a mediation agreement in the dissolution action, Ms. Hicks was authorized to purchase a second $100,000 life insurance policy insuring Mr. Robbins' life. In addition, the first policy was replaced by a third policy, owned by Ms. Hicks, insuring Mr. Robbins' life for $100,000. Thus, Ms. Hicks is now the beneficiary of $200,000 worth of life insurance on Mr. Robbins' life. Apparently, Ms. Hicks has been paying the premiums for both of these policies.
Mr. Robbins maintains that he owes Ms. Hicks an arrearage for child support that is now far less than $200,000. He is convinced that Ms. Hicks has an economic incentive to wish him dead, and he fears that she will act upon this incentive. We note that Ms. Hicks has not actively participated in this appeal, and there is no objective evidence in this record to validate his fears.
Jackson National filed this action for declaratory judgment merely to establish its right to continue to provide insurance policies to Ms. Hicks. The trial court correctly held that the valid orders and mediation agreements in the dissolution action provide Ms. Hicks with an insurable interest to purchase these policies. See § 61.13, Fla. Stat. (1991); Bosem v. Bosem, 279 So.2d 863 (Fla.1973); Eberly v. Eberly, 344 So.2d 886 (Fla. 4th DCA 1977).
If Mr. Robbins has any remedy in this matter, that remedy requires that he file a pleading in the dissolution action to establish a change in circumstances warranting a reduction in the insurance coverage or a change in the beneficiary of these insurance policies. Because Mr. Robbins apparently owes a child support arrearage and the premiums for these insurance policies have been paid for several years by Ms. Hicks, we caution that any modification that Mr. Robbins requests would need to accommodate these complexities.
Affirmed.
STRINGER and DAVIS, JJ., concur.